Statement of Facts.

## M. R. RICHARDS v. C. F. RICHARDS.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF SUSQUEHANNA COUNTY.

Argued March 18, 1890—Decided May 26, 1890.
[To be reported.]

(*a*) A husband signed an agreement with his wife, engaging to treat her kindly and to permit her to do certain things, and acknowledging that he had received from her the sum of $360, which he had used in paying for his property.

(*b*) That acknowledgment was followed by these words: "for which I hereby confess Judgment with Interest and Costs and release of errors Should I violate the above agreement. and Give the annexed bond for the faithful performance of my part of the foregoing."

(*c*) Upon another page of the same sheet of paper, he signed a bond in the penal sum of $720, conditioned for the payment to his wife of $360 and the performance in good faith of his agreement with her bearing even date therewith:

1. Construed in accordance with the evident intention of the parties, and in such a way as to give effect to the confession of judgment, the agreement did not make the confession operative only in case of a violation of the other stipulations.

2. Wherefore, the confession being a complete and absolute one, and showing on its face a definite amount due, the instrument authorized the entry of judgment thereon by the prothonotary, under the act of February 24, 1806, 4 Sm. L. 278.[*]

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 86 January Term 1890, Sup. Ct.; court below, No. 147 November Term 1888, C. P.

On September 14, 1887, there was entered in the court below, by the prothonotary, a judgment in favor of Mary R. Richards against Charles F. Richards, for $360, with interest from September 13, 1887, upon an agreement in writing filed of which the following is a copy:

"I Charles F. Richards of Brooklyn Susquehanna County Penna: Hereby agree that from date hereof I will well use and kindly treat my Wife Mary R. Richards as becometh a

---

[*] Cf. Dikeman v. Butterfield, ante, 236; Whitney v. Hopkins, post, 246.

Husband, that I will permit her to Visit her Parents and friends as often as she May reasonably desire, also permit her Parents, Brothers and Sisters to visit her at her House, She Shall have consent to attend Public Worship whenever She may.SO desire: I hereby acknowledge that I have received from My Said Wife Mary R. Richards the sum of three Hundred and Sixty Dollars which I have used in payment of My Property for which I hereby confess Judgment with Interest and Cost and release of all errors Should I violate the above agreement. and Give the annexed Bond for the faithful performance of my part of the foregoing.

" Given under my hand and seal this 13th of Sept. 1887.

"CHARLES F. RICHARDS, [L. S.] "

[On another page of same paper was the following:]

" Know all men by these presents that I Charles F. Richards of Brooklyn County of Susquehanna and State of Pennsylvania. Am firmly bound unto Mary R. Richards in the Sum of Seven Hundred and Twenty Dollars Lawful Money of the United States to be paid to the Said Mary R. Richards or her attorney, Executors and Administrators and Assigns:

" Now the condition of this obligation is Such that if the said Charles F. Richards will pay or cause to be paid to the Said Mary R. Richards the Sum of Three hundred and Sixty Dollars, and in case an agreement made by the said Chas. F. Richards with the said Mary R. Richards bearing date hereof is fully complied with in full and in good faith then this obligation to be void and of no effect or to be in full force and virtue.

" Given under my hand this 13th day of Sept. 1887.

"CHARLES F. RICHARDS. [L. S.] "

On October 20, 1887, the plaintiff caused a writ of fieri facias to issue for the collection of said judgment. On October 31st, the defendant filed an affidavit averring in substance that he executed the agreement upon which the judgment was entered, on condition that his wife would come back and live with him; that she promised so to do, but did not intend at the time to keep her promise, and made it fraudulently, for the purpose of obtaining said written agreement from the defendant, and had since violated it; that the judgment was entered before there was any claim that the defendant had violated his contract,

there was not power or authority to enter it, and the defendant did not owe his wife the money for which the judgment was entered. Thereupon, on motion of the defendant's attorneys, the court granted a rule upon the plaintiff to show cause why the judgment should not be set aside, enjoining the sheriff from selling under the execution during the pendency of the rule.

On October 18, 1889, after argument, the court, SEARLE, P. J., filed an opinion which, after reciting the instrument upon which the judgment was entered, the accompanying bond and the affidavit of the defendant, proceeded as follows:

Upon the argument of the rule to show cause, July, 1889, no depositions were produced. The defendant made no claim and offered no evidence to sustain any of the allegations of fact, not of record, contained in the affidavit, but rested his case upon the records, claiming that the confession of judgment upon the face of the paper was conditional upon the violation of his agreement by the defendant; that no authority existed for entering the judgment upon the confession, for the reason that the prothonotary could not tell upon the face of the agreement whether the defendant had committed a breach of his agreement or not; that the confession of judgment was not by its terms to take effect or be of any force except in case of breach of agreement by defendant; that this question of violation of agreement was an extrinsic fact concerning which prothonotary had no authority to inquire; that, under the ruling in Connay v. Halstead, 73 Pa. 354, the prothonotary is not made an umpire or arbitrator to determine uncertain things; that in this case the prothonotary must determine an uncertain thing from extrinsic facts before entering judgment.

In the case of Connay v. Halstead, 73 Pa. 354, relied upon by attorneys for defendant, judgment was entered upon a land contract. By the terms of the contract, the land was sold at a certain price per acre, the number of acres to be ascertained by survey; a provision was inserted, "in default of payment of any instalment of principal or interest more than one month, the entire sum of principal and interest shall become legally due upon the happening of such default;" also a power of attorney to confess judgment for the whole amount due. The contract

was dated March 20, 1871; first payment, $25, and interest payable May 1, 1871; balance in yearly payments of $25 each. Judgment was entered, March 28, 1872, for $312.87. There was nothing in this contract to indicate the number of acres or the amount for which judgment was to be entered. Also, there was nothing on the face of the instrument to tell that the default of payment had happened, of which the power to enter judgment was predicated. The Supreme Court, in striking off the judgment, said nothing about the lack of authority to enter judgment on account of the power being contingent or conditional upon a default, which did not appear and could not appear in the face of the instrument, but they placed their decision upon the ground that "the sum or amount due could by no possible calculation be made to appear from the face of the instrument."

In this case, there is an admission of a present indebtedness: "I hereby acknowledge that I have received from my said wife Mary R. Richards, the sum of three hundred and sixty dollars, which I have used in payment of my property." This is not only an acknowledgment of a present indebtedness, but also the amount of it, and it is followed by a confession of judgment in the present tense; "for which I hereby confess judgment with interest and costs, and release of all errors." The language of the act of assembly of February 24, 1806, which authorizes prothonotaries to enter judgment in cases of this kind is, "It shall be the duty of the prothonotary of any court of record, within this commonwealth, on the application of any person, being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing in which judgment is confessed . . . . . to enter judgment against the person or persons who executed the same, for the amount which from the face of the instrument may appear to be due." [In this case, the face of the instrument shows that there was due three hundred and sixty dollars, and the matter of the instrument confessed judgment for the same. The case falls within the letter of the act of February 24, 1806, and we think the judgment must stand. The rule, therefore, is discharged.] [3]

Thereupon the defendant took this appeal, specifying that the court erred:

Arguments.

1. In refusing to set aside the judgment and discharging the rule.

2. In holding that the prothonotary had power to enter the judgment.

3. In making the ruling and decree embraced in [ ] [3]

*Mr. E. L. Blakeslee* (with him *Mr. W. D. B. Ainey*), for the appellant:

1. The single question raised is, whether the act of February 24, 1806, 4 Sm. L. 278, authorizes the entry of judgment by the prothonotary on an instrument such as the one filed in this case. That act is harsh in its bearing on debtors, and confers extraordinary privileges upon certain creditors. It should therefore be construed strictly, and the power to enter judgment must be clearly shown and strictly pursued: Campbell v. Goddard, 117 Ill. 251; Frye v. Jones, 78 Ill. 632; Keith v. Kellogg, 97 Ill. 147. There can be but one interpretation of this instrument, viz., that its purpose was to set forth a certain line of duty which the defendant therein undertook to fulfil. Its plain intent was, not to secure a pre-existing debt, but to secure to the plaintiff certain privileges or rights; and the so-called confession of judgment was simply a clause of forfeiture or penalty predicated entirely of a violation of the agreement.

2. In the instrument, the defendant says, in substance, "I agree to do certain things, and, if I violate this agreement, then I confess judgment." The violation of the agreement being a condition precedent to the entry of judgment, in whom is the power to determine whether or not it has been broken? This is the business of a court acting as such: Campbell v. Goddard, 117 Ill. 251. The prothonotary has no judicial power, either under the act of 1806 or otherwise, and cannot resort to extrinsic evidence to determine whether or not judgment shall be entered: Campbell v. Goddard, supra; Roundy v. Hunt, 24 Ill. 598; Tucker v. Gill, 61 Ill. 238; Durham v. Brown, 24 Ill. 94; Connay v. Halstead, 73 Pa. 354. Even if he had such power, there was no attempt to prove a violation of his agreement by the defendant, either by affidavit or by deposition, and the law will not presume it: Patterson v. Pyle, 1 Mona. 352. The record not showing that the contingency upon which the right to enter judgment depended had occurred, the judgment

is void: Hope v. Everhart, 70 Pa. 234. The prothonotary has no power to enter judgment on a note or bond except under the act of 1806, and the only authority he ever acquired by long practice to enter judgment, is in the form of an amicable action: Cook v. Gilbert, 8 S. & R. 567; McCalmont v. Peters, 13 S. & R. 196.

*Mr. G. P. Little* (with him *Mr. R. B. Little*), for the appellee:

The provision in the instrument which follows the confession of judgment is an independent sentence, and properly construed has no relation thereto. The instrument contains all the requisites to authorize the entry of a valid judgment by the prothonotary, under the act of 1806, and the ruling of the court below is fully sustained by Cooper v. Shaver, 101 Pa. 547; Helvete v. Rapp, 7 S. & R. 306; Richards' App., 127 Pa. 63; Humphreys v. Rawn, 8 W. 78. Moreover, the refusal to strike off the judgment is not such a decree as is the subject of an appeal: Keemer v. Herr, 2 Penny. 175; Richards' App., 127 Pa. 63.

OPINION, MR. JUSTICE WILLIAMS:

The judgment in the court below was entered by the prothonotary under the authority of the act of February 24, 1806. The defendant moved to strike it off, alleging that the confession in the instrument on which the judgment was entered was to be operative upon a condition, the happening of which could not be determined upon the face of the instrument, and that for this reason the prothonotary had no right to enter the judgment. This is the only question raised on this record.

The instrument on which the judgment was entered is in the form of an agreement, and bears date the 13th September, 1887. It contains the promise or agreement of the defendant to treat his wife kindly, and, among other things, to permit her to visit her parents, and attend church. Then follow these words: "I hereby acknowledge that I have received from my said wife Mary R. Richards the sum of three hundred and sixty dollars which I have used in payment of my property for which I hereby confess judgment with interest and costs and release of errors Should I violate the above agreement. and

give the annexed bond for the faithful performance of my part of the foregoing." Upon another part of the same sheet of paper was a bond in the penal sum of $720, with the following double condition: " If the said Charles F. Richards will pay or cause to be paid to the said Mary R. Richards the sum of three hundred and sixty dollars, and in case an agreement made by the said Charles F. Richards with the said Mary R. Richards bearing date hereof is fully complied with in full and in good faith then this obligation to be void." The work of the scrivener was very inartificially done, and the meaning of the agreement and bond must be ascertained, not from an examination of detached sentences, but from a consideration of them as a whole.

It is apparent that serious difficulties had arisen between the parties, who were husband and wife, and that the husband had undertaken to do two things: First, to treat his wife kindly, and accord to her privileges that should never have been denied; second, to return to her the amount of her separate money, which he had used, but which he had no right, legal or moral, to withhold from her. His agreement to do both these things was put in writing, and the unlearned scrivener undertook to secure the performance of both by something more than a simple promise. The payment of the money could be secured by a confession of judgment, and a confession was accordingly incorporated into the agreement. To secure the kind treatment, a bond with a penal sum was added, which was to be void only when the agreement was " fully complied with in full and in good faith." The confession of judgment was in the usual form, thus: " I hereby confess judgment, with interest and costs and release of errors." But the defendant insists that the words which follow the confession refer to and qualify it. They are: " Should I violate the above agreement. and give the annexed bond for the faithful performance of my part of the foregoing." This construction would make the right of the plaintiff to have judgment for the money due her depend on whether the defendant kept his agreement to treat her well, a fact that could not be ascertained from the face of the paper. Such a construction would deprive the confession of any value whatever; for, if the defendant did treat her well, it could not be used, because of the condition;

if he did not treat her well, it could not be used, because the breach of the condition could not be ascertained from the face of the instrument.

We feel very sure that such a construction is not in accordance with the intention of the parties, and ought not to prevail. If the word "and" be transferred from where it now stands in the clause under consideration, just after the word "agreement," to the beginning of the sentence, it would read thus: "And, should I violate the above agreement, I give the annexed bond for the faithful performance of my part of the foregoing." This would leave the confession complete and unconditional, and make the sentence that follows a mere recital of, or reference to, the fact that a bond had been given to secure the performance of the agreement so far as it related to other subjects than the payment of money. The money was secured by the confession of judgment. The kind treatment was secured by the bond. While this paper is not free from difficulty, and was drawn in so obscure and inapt terms as to furnish room for the contention of the appellant, we are nevertheless of opinion that it is capable of a construction that gives effect to the power of attorney, and the intentions of the parties. So understood, it authorized the entry of the judgment by the prothonotary, and the refusal to strike it off was therefore right.

The judgment is accordingly affirmed.

