## Germantown Brewing Co., Appellant, *v.* Booth.

*Contract—Assignment of liquor license—Lawful business—Public policy —Opening judgment—Independent security.*

The sale of liquors by a licensed dealer is a lawful business, and a loan made to carry on such a business is not against public policy or violative of any statute.

A brewing company loaned a licensed liquor dealer money to carry on his business, and took from him a judgment note with a contemporaneous written agreement on the part of the dealer to pay the debt off in monthly installments, and upon failure to pay such installments that he would "transfer and assign" his license, together with all the stock and fixtures of his saloon, "and peaceably deliver possession of the same," to any person or persons plaintiff might designate. *Held* that the agreement was not against public policy, and did not invalidate the judgment.

If it be conceded that the agreement in relation to the transfer of the license was invalid, non constat that the loan or the judgment was. The judgment was an independent security for the loan. The transfer which the defendant agreed to make in case he failed to pay the monthly installments was obviously intended as an additional security for it. Another security collateral to the loan might be condemned as violative of a statute or rule of public policy without impairing the valid security or affecting the remedies upon it. By MR. JUSTICE McCOLLUM.

*Striking off judgment—Practice—Matter dehors record.*
Judgment will not be summarily stricken off for matter dehors the record.

Argued March 20, 1894. Appeal, No. 120, Jan. T., 1894, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1893, No. 155, striking off judgment against defendant, Edward Booth. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Reversed.

Rule to strike off judgment.

From the record and depositions, it appeared that, on May 20, 1893, plaintiff loaned to defendant $3,000 to enable him to carry on a retail liquor business. Defendant gave to plaintiff a judgment note to secure the debt. On the same day the parties entered into the following agreement in writing:

" Know all men by these presents, that I, Edward Booth, of the city of Philadelphia, saloon keeper, in consideration of three thousand dollars loaned to me by the Germantown Brewing Company, to secure which I have given my judgment note, at one day, bearing even date herewith, have agreed, and hereby do agree to pay to the said Germantown Brewing Co., on the first day of each and every month, a sum not less than two hundred dollars, on account of said loan, the first of said payments to be made on the first day of July. Provided, however, that the whole amount of said loan, together with the interest thereon, shall be repaid to said Brewing Company on or before the first day of June, 1894.

" I hereby further agree that should I fail to make the monthly payments aforesaid, I will transfer and assign all the stock and fixtures of the saloon about to be opened by me at the southeast corner of Thirteenth and McKean streets, as well as my license, to any person or persons the said Brewing Company may designate, and peaceably deliver possession of the same."

Defendant paid four hundred dollars on account of the debt, when, default having been made, the note was entered up.

Defendant's affidavit in support of the rule to open the judgment was as follows :

" Edward Booth, being duly sworn, deposes and says that he has a just and true defence to the judgment entered in above case, and that in truth he does not owe the said company the sum of three thousand one hundred and fifty dollars, the sum for which judgment is entered and execution issued.

" He further says that he is a saloon keeper, holding a license at the southeast corner of Thirteenth and McKean streets, in the city of Philadelphia, and that execution has been issued against his personal property at above place, to wit, his stock and fixtures, and that a watchman has been put upon his place, and the company are taking the receipts of his sales at the present time."

The court, in an opinion by GORDON, J., 3 Dist. R. 142, struck off the judgment, on the ground that the judgment was part of a contract intended to violate the laws of the commonwealth.

*Errors assigned* were (1) above order; (2) in striking off judgment when rule was to open judgment and as there was nothing of record to show judgment improvidently entered or invalid; (3) in not discharging rule.

*J. S. Freemann, John F. Keator* and *R. O. Moon* with him, for appellant, cited: McCandless v. Steel Co., 152 Pa. 139; Com. v. Hess, 148 Pa. 98; McCutcheon v. Allen, 96 Pa. 319; Horner v. Hower, 39 Pa. 126; Reynolds v. Barnes, 76 Pa. 427; King v. Brooks, 72 Pa. 363; Breden v. Gillaland, 67 Pa. 34.

*Carrie B. Kilgore,* for appellee, cited, as to validity of contract: A. & E. Ency. L. 887; Widoe v. Webb, 20 Ohio St. 431; Cotton v. McKenzie, 57 Miss. 418; Pacific Guano Co. v. Mullin, 66 Ala. 582; Deering v. Chapman, 22 Me. 488; Carleton v. Woods, 28 N. H. 290.

As to striking off judgment: R. R. v. Hamilton, 127 Pa. 1; 2 Brewst. Pr. 1337; Banning v. Taylor, 24 Pa. 293; Kellogg v. Krauser, 14 S. & R. 137; Walker v. Ensign, 1 Ill. App. 113; Couden v. Besse, 86 Ill. 159; Gordon v. Bartley, 4 W. N. 37·

Hartley v. Decker, 7 Pa. C. C. R. 127 ; Knox v. Flack, 22 Pa. 338 ; Secor v. Shippey, 7 Pa. C. C. R. 555 ; Adams v. Bush, 5 Watts, 291 ; Shallcross v. Deats, 43 N. J. L. 177 ; Com. v. Johnson, 86 L. 378 ; Hutchinson v. Ledlie, 36 Pa. 112 ; Martin v. Ives, 17 S. & R. 364 ; Mitchell on Motions and Rules, 74.

OPINION BY MR. JUSTICE McCOLLUM, May 31, 1894 :

A rule to show cause why the judgment should not be opened, was granted on an affidavit which, under a well settled rule of practice, would have been held insufficient to prevent judgment in an action of assumpsit on the note. The only material averment in the affidavit was that the defendant did not owe the plaintiff " the sum of three thousand one hundred and fifty dollars, the sum for which judgment was entered and execution issued." On the hearing of the rule the judgment was stricken off. It was entered by virtue of a warrant of attorney contained in the note and was regular on its face. It was admitted by the defendant that the plaintiff loaned to him the sum for which the note was given and that he had paid but four hundred dollars on account of the loan. It was conceded by the plaintiff that the defendant was entitled to a credit on the judgment for the amount so paid. It was clear therefore that the defendant owed the plaintiff on account of the loan twenty-six hundred dollars with interest thereon from the time the judgment was entered. But it appears that the plaintiff held a paper bearing the same date as the note and signed by the defendant, in which it was stipulated that he should pay on the first day of each month at least two hundred dollars on account of the loan, and pay the whole amount of it " on or before the first day of June, 1894," and that if he failed to make the monthly payments, he should " transfer and assign his license, together with all the stock and fixtures of his saloon," and " peaceably deliver possession of the same " to any person or persons the plaintiff might designate. The learned court below thought this paper showed that the loan was made for a purpose condemned by the law, and on that ground struck off the judgment entered on the note given to secure it. Was the action of the learned court in reference to the judgment justified by the writing on which it was founded ? It seems to us that it was not. We cannot assent to a construction of the writing in question which renders the

loan or the note given to secure it void.   A loan made to enable the borrower to carry on a lawful business is not against public policy or violative of any statute.   The sale of liquors by a licensed dealer in them is such a business.   If he removes from the house in which he was licensed to conduct the business he may consent that his license be transferred to the person who succeeds him in the occupancy of it, and the court of quarter sessions may transfer the license to such person on his compliance with the provisions of the law in relation to the transfer of licenses in certain designated cases.   It matters not in what form the consent of the licensee is given.   An assignment of the license is nothing more than his expression of consent that the license may be transferred to his assignee, " by the authority granting the same."   As this consent is essential to the transfer there is nothing unlawful in it.   All that the assignee acquires by it is the privilege of applying for the transfer to the court having jurisdiction to make it.   It confers no right upon him to sell liquors, and if the court transfers the license to him his business under it is limited to the place in which his predecessor carried on a like business.   We think, therefore, that the defendant's agreement in relation to the transfer of his license did not invalidate the judgment in question.

This judgment was an independent security for the loan. The transfer which the defendant agreed to make in case he failed to pay the monthly installments was obviously intended as an additional security for it.   If it be conceded that the agreement in relation to the transfer of the license was invalid, non constat that the loan or the judgment was.   The loan, as we have seen, was made for a lawful purpose and the judgment was a lawful security for it.   Another security collateral to the loan might be condemned as violative of a statute or rule of public policy without impairing the valid security, or affecting the remedies upon it.

We have considered the case upon the evidence taken on the rule to show cause, although it may not have been necessary to do so in view of the general principle that a judgment will not be summarily stricken off for matters dehors the record.   We cannot find in the evidence any warrant for the conclusion that the plaintiff has acquired or sought to acquire an interest in the defendant's business or violated any provision of the license

laws; nor can we discover any bar to the collection of the balance of the loan by process upon the judgment given to secure it.

The specifications of error are sustained.

The order of October 27, 1893, striking off the judgment is reversed.