## Thomas Gillespie, Sr., *v.* Henry C. Webster, Appellant.

*Judgment—Confession of judgment—Opening judgment.*

A judgment entered upon a warrant of attorney contained in a judgment note will not be opened upon the mere averment of the defendant that it was his understanding that the judgment was not to be entered until default was made in certain payments. In such a case it is the plaintiff's right, unless he agrees otherwise, to enter a judgment in order to secure a lien.

*Judgment—Execution—Setting aside execution.*

On a rule to open a judgment and set aside execution it appeared that the plaintiff had at one time loaned the defendant $5,000, and at another time $10,000, which he raised by mortgaging his real estate. At or about the time of the execution and delivery of the note upon which judgment was entered a writing was signed by the defendant and delivered to the plaintiff, stating that the note was given as collateral for payment of the mortgage for $10,000 and also for the sum of $5,000 which it was averred the plaintiff had placed in a firm as capital for the defendant, all of which he was to return with interest to the plaintiff. This writing was received and retained by the plaintiff without objection. The plaintiff denied that the writing was delivered with the note. He also denied that it expressed any terms ever considered or suggested, or that there was at any time any conversation between the parties in relation to it. *Held,* that the action of the court in refusing to set aside the execution was without error.

Argued Jan. 20, 1897. Appeal, No. 75, Jan. T., 1896, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1895, No. 927, discharging rules to open judgment and set aside execution. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rules to open judgment and set aside execution.

From the testimony taken in support of the rule it appeared that plaintiff had three sons who were in partnership with the defendant in the business of making bricks. On August 24, 1894, defendant gave to plaintiff a judgment note for $15,000, upon which judgment was entered on June 29, 1895. The defendant testified as to the circumstances under which the note was given as follows:

"Q. For what purpose did you give the judgment note of $15,000, entered in court of common pleas, No. 1, June term,

1895, No. 927 ?    A. For collateral for the repayment of $10,000 borrowed on mortgage from the United Fireman's Fire Insurance Company, on $12,000 worth of ground rents, belonging to Thomas Gillespie, Sr., which he mortgaged for the above amount to be paid in three years.    Also for the interest on the same to be paid by me, of five and four tenths per cent, payable semiannually on the twenty-fourth day of August and February of each year, which interest I paid.    The other $5,000, Mr. Gillespie loaned to the company, and I assumed as part capital to the business.    Q. With whom did you make this agreement and when?    A. Thomas Gillespie, Sr.    Before I had obtained the money, I had a verbal agreement with him to pay all the expenses in obtaining the mortgage, and pay up the interest on the mortgage, and the principal when due.    Q. Was that agreement made before you signed the judgment note?    A. That agreement was made before I signed the judgment note. Q. Did you pay the last interest on this mortgage due ? A. Yes, sir; and on the $5,000 note also.    Q. Then the interest is not due until next August?    A. No, sir.    Q. When is the principal due?    A. August 24, 1897.    Q. That was a verbal agreement, was it?    A. Yes, sir.    Q. Under what circumstances was this judgment note to be entered?    A. On default of the interest on the mortgage and principal not being paid. Q. Was that the only agreement made ?    A. No, sir.    Q. Was there any other agreement?    A. Yes, sir.    Agreement made by James L. Gillespie, acting for his father, Thomas Gillespie, Sr., the day I gave the note and at the time, August 24, 1894. Q. (Paper handed witness.)    What is that paper?    A. This is the paper which was drawn the day I signed the note, in our office in duplicate ; it was drawn in accordance with our previous conversation, in consideration of this loan.    I had two of these agreements drawn and signed the day I signed the note ; one I sent down to Thomas Gillespie, Sr.'s house with the note by his son, James L. Gillespie, and asked him to have his father sign it and return it to me, when I would give him the copy or duplicate to take to his father.    It was never returned."

Mr. Gimber, for the defendant, offered in evidence paper dated August 24, 1894, in reference to the $15,000 note which reads as follows :

" This is to certify that I agree to pay all the expenses and

costs incurred in obtaining a mortgage of ten thousand dollars ($10,000), on ten ground rents on properties situated on the West side of Point Breeze avenue below Read street, 36th ward, city of Philadelphia, belonging to Mr. Thomas Gillespie, Sr., the same being mortgaged to the United Fireman's Insurance Company for three years at annual interest of five and four tenths per cent., payable semi-annually on the twenty-fourth days of February and August of each year, until said mortgage is paid off and satisfied. Said principal and interest is to be paid by me, and for which I have given to Mr. Thomas Gillespie, Sr., a judgment note, dated August 24th, 1894, at one day, for fifteen thousand dollars ($15,000), which note is to be held as collateral for the payment of said mortgage of ten thousand dollars ($10,000) and also for the sum of five thousand dollars ($5,000) which amount the said Thomas Gillespie, Sr., has already put into the firm of Messrs. Webster, Gillespie & Co., as capital to my interest, all of which I am to return with interest, to the said Thomas Gillespie, Sr.

" In witness whereof I have hereunto set my hand and seal this twenty-fourth day of August, A. D. 1894.

"Witnesses :        HENRY C. WEBSTER, [L. S.] "

" JAMES L. GILLESPIE,

" F. L. GIMBER."

Defendant further testified as follows :

"Q. Did you carry out your part of the agreement of August 24, 1894? A. Yes, sir. I paid the interest on the mortgage of $10,000, and on the $5,000."

The plaintiff admitted that the paper offered in evidence by defendant was received and retained by him, but denied that it was delivered when the judgment note was delivered, or that there was ever any conversation between the parties in relation to it.

The court discharged the rules to open judgment and set aside the execution.

*Error assigned* was order discharging rules.

*S. Morris Waln*, for appellant.

No paper-book or argument was offered by appellee.

OPINION BY MR. JUSTICE FELL, March 22, 1897:

The assignments of error are to the refusal of the court to open a judgment and set aside an execution. We have not been furnished with a copy of the petition on which the rule to show cause was granted, and we are left without the aid of an index to search through more than two hundred pages of testimony to find the parts which throw light on the questions raised.

The defendant testified that the note was given as collateral security for his indebtedness, and that judgment was not to be entered thereon unless he was in default in making payments. He does not say that the plaintiff agreed not to enter judgment, and the most that can be made of his testimony is that it was his understanding that judgment was not to be entered. His testimony, if undisputed, would furnish no ground for opening the judgment, as the amount of the debt is not disputed, and it was the plaintiff's right, unless he agreed otherwise, to secure a lien by the entry of judgment. He is, however, flatly contradicted at every point.

The only doubt as to the correctness of the action of the court in refusing to set aside the execution arises from a declaration in writing signed by the defendant and delivered to the plaintiff at or about the time of the execution and delivery of the note, in which it is stated that the note is given as collateral for the payment of a mortgage for $10,000 "and also for the sum of $5,000 which amount the said Thomas Gillespie, Sr., has already put into the firm of Webster, Gillespie & Co. as capital to my interest, all of which I am to return with interest to the said Thomas Gillespie, Sr." In view of the actual transaction it is difficult to determine what was intended by this declaration. The plaintiff had at one time loaned the defendant $5,000 and at another time $10,000, which he raised by mortgaging his real estate. The note in question was the only evidence of his indebtedness, and it was not a collateral for anything. This writing was not prepared at the instance of the plaintiff, or signed by him, and the only weight it can have as evidence of an agreement or understanding arises from the fact that it was received and retained by the plaintiff without objection. If this were a clearly expressed statement, consistent with the admitted facts, and delivered at the time the loan

was made, its acceptance and retention by the plaintiff without objection would be ground for the implication of his assent to the terms expressed, and it should be given weight second only to that to which a written agreement would be entitled. But that is not the testimony. It is denied that it was delivered with the note, that it expressed any terms ever considered or suggested, or that there was at any time any conversation between the parties in relation to it.

A careful examination of all the testimony discloses no error in the order of the court discharging the rule, and the judgment is affirmed.