# Chubb *v.* Kelly, Appellant.

*Judgments—Judgment notes—Rule to open—Discretion of the court—Practice.*

In the absence of a restriction to the contrary, a judgment may be entered upon the warrant of attorney contained in a judgment note, before the debt becomes due.

A rule to open judgment is addressed to the sound discretion of the court below, and there is no abuse of such discretion in discharging such a rule, on a petition supported only by the oath of the defendant without corroborative circumstances, or circumstances from which inferences could be drawn corroborative of his statements.

Argued December 11, 1922. Appeals, Nos. 152, 161, 264, 265, 266, 267, Oct. T., 1922, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1921, No. 4657, discharging rules to open judgment in the case of Robert B. Chubb v. Edward D. Kelly. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to open judgments. Before ROGERS, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned,* among others, was the order of the court.

*John W. Parks,* for appellant.

M. *Luther Nicholas,* for appellee.

OPINION BY GAWTHROP, J., March 2, 1923:

These appeals are from orders of the court below discharging rules to open judgments entered by virtue of warrants of attorney contained in six certain judgment notes. The ground upon which the court below was asked to open the judgments was that at the time the notes were given the plaintiff made an oral agreement that no judgment should be entered upon the notes until default in payment on their respective due dates, and that the plaintiff entered the judgments in violation of that agreement. Prior to the taking of the rule to open the judgments, the defendant took a rule to strike them off on the same ground. The court below dismissed the rule upon the authority of O'Hara v. Baum, 82 Pa. 416, and the line of cases following it, in which the true and settled rule is stated, that "a motion to set aside or strike off a judgment must be on the ground of irregularity appearing on the face of the record; a motion to open it is an appeal to the equitable power of the court, to let the defendant into a defense." A rule to strike off is not the proper remedy where the irregularity of the judgment is alleged because of matters dehors the record: Germantown Brewing Co. v. Booth, 162 Pa. 100. In the absence of a restriction or condition to the contrary judgment may be entered upon a warrant of attorney in a judgment note before the debt becomes due: Integrity Title Insurance, Trust & Safe Deposit Co. v. Rau et al., 153 Pa. 488. Our inquiry is confined to the question whether the court below abused its discretion in refusing to open the judgments: Rasp v. Rasp, 79 Pa. Superior Ct. 29. The allegations of the defendant's petition were supported only by his own oath without corroborative circumstances or circumstances from which inferences could be drawn corroborative of him. He was contradicted by the plaintiff and, with the notes in the scale against him, his case lacked substantial merit, and

487,(1923).]  :          Opinion of the Court.

it would have been an abuse of discretion for the court below to have opened the judgments.

All of the assignments of error are overruled, and the orders are affirmed.