## Hoffman *v.* Winston et al., Appellants.

*Judgment—Opening judgment — Evidence — Sufficiency—Setoff—Right to plead.*

Where judgment is entered by confession in a warrant of attorney contained in a contract, a petition to open judgment on the ground that the plaintiff failed to perform his part of the contract, and that the defendant suffered loss thereby, is a good reason for opening the judgment .

. On such a petition the defendant may be permitted to attack the validity of the claim on which the judgment is founded, the good faith of the transaction connected with the consideration, and the subsequent payment of the debt or equitable discharge therefrom.

When the subject matter of defense is attached to the judgment or to the consideration on which it rests, the court under its equitable powers, will entertain a petition to open a judgment, and if the facts warrant, will open the judgment.

Argued March 2, 1924. Appeal No. 8, February T., 1925, by defendants, from judgment of C. P. Columbia County, May T., 1923, No. 165, in the case of Herbert A. Hoffman, v. James Winston, Thomas S. Winston, Moses J. Look and Henry H. Wilson, Trading as Winston & Company. Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Reversed.

Rule to open judgment. Before Potter, P. J. 17th Judicial District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendants appealed.

*Error assigned* was the decree of the court.

*William C. Chrisman,* and with him *Thomas Wood,* for appellant.—The general rule that counter-claims and set-offs cannot be pleaded to a judgment ripe for execution, does not apply where the counter-claim arises under the same contract, and goes to diminish or overcome the amount claimed in the judgment: Stroud's Appeal, 109 Pa. 26 (p. 329); Pollard & Brant, Inc. v. Stein, 81 Pa. Sup. Ct. 374; Beaty v. Bordwell, 91 Pa. 438; Mullen v. Mageoch, 14 W. N. C. 127; Sloan v. Brown, 15 W. N. C. 111.

*E. J. Mullen,* for appellee.—A debt not in judgment cannot be set off against a judgment, and this applies as well to a judgment entered by confession as to one obtained by adverse process: McKee v. Verner, 239 Pa. 69; Thorp v. Wegefarth, 56 Pa. 85; Cooke v. Edwards, 15 Pa. Supr. Court 412; Lucesco Oil Company v. Brewer, 66 Pa. 351.

OPINION BY PORTER, J., July 9, 1925:

The defendants in this action had entered into a contract with the State of Pennsylvania, for the construction of a state highway, and had entered into a contract with the plaintiff to furnish them with crushed stone and stone grit to be used in the construction of said road. The contract provided, inter alia, that plaintiff was to supply stone at the rate of 150 tons per day, and if requested to do so, to increase that supply to 250 tons per day. Payment was to be made on the 20th of each month for all shipments made during the preceding month. The agreement contains the

following covenant, viz: "Purchaser,......hereby authorizes any attorney to appear for it in any action at law to be brought in any competent court by the seller for the recovery of any payments due and payable under the terms of this contract, and in its name to confess judgment in manner aforesaid in favor of the said Herbert A. Hoffman for any moneys which may be overdue him under the terms of this contract." The plaintiff made shipments of stone, but not in the quantities by the contract required, from some time in July, 1922, until October in the same year, and on October 24th the defendants notified plaintiff to cease shipping and that they rescinded the contract for the reason that he had failed to make shipments as by the contract required and that they had been delayed in performance of their contract with the Commonwealth. The plaintiff subsequently caused judgment to be confessed against the defendants, under the warrant above quoted, for the price of the stone shipped during the month of October, in the sum of $1,876.22. Defendants presented a petition to open the judgment averring that they had a good defense to the same and that there was nothing due the plaintiff under the covenants of the contract; that plaintiff had failed to comply with the covenants of the contract; that he had failed to ship stone in accordance with the provisions of the contract; that defendants had repeatedly requested him to produce and furnish stone in quantities covenanted for; that plaintiff had failed and refused to do so; that as a result of such refusal and failure the defendants were forced to go into the open market and purchase stone at an increased cost to them in an amount in excess of plaintiff's claim; that the defendants were thereby damaged as a result of the failure of the plaintiff to furnish stone and stone grit in the quantities required because they were delayed in the work upon their contract. The court granted a rule on the plaintiff to show cause why the judgment should

not be opened. The plaintiff filed an answer to the petition in which he denied that he had committed any breach of the contract; averred that at the time the contract was executed the defendants made an oral agreement with him that they would furnish plaintiff with a sufficient number of men to produce the daily quantity of stone and stone grit provided for in the contract and that the defendants had failed to furnish workmen as required by said oral agreement. The answer further averred that under the terms of the contract the plaintiff was not liable in damages for his failure to furnish stone and stone grit at the times and in the quantities provided for, for the reason that it was provided in the contract that if the plaintiff should at any time fail to furnish stone in accordance with the contract, the defendants should have the right to purchase stone from other quarries than those of the plaintiff; that this clause of the contract provided the penalty for failure of plaintiff to furnish material as fast as required; that all the defendants could do was to purchase stone elsewhere, and that it relieved the plaintiff from any liability for his failure to perform his covenants. The parties took depositions, and, after a hearing, the court discharged the rule to show cause why the judgment should not be opened and the defendants let into a defense. The defendants thereupon appealed.

The opinion filed by the learned judge of the court below, stating the ground upon which he based his action discharging the rule, clearly discloses that he gave no consideration to the merits of defendants' application and no weight to the facts established by the depositions. The ground upon which the court based its action is thus stated in the opinion: "There is no fault with the method of the entry of this judgment, therefore we will consider it as a valid judgment. The claim of the defendants against the plaintiff is not settled. It is an unliquidated claim for damages, which

cannot be allowed as a set-off against this judgment. It is well settled as a legal principle that a judgment will not be opened because the plaintiff is indebted to the defendant on unliquidated demands larger than the amount of the judgment." In this the court erred. Its order was based on a mistake of law. "In actions to which the defalcation act applies, the defendant may, under the plea of payment, give in evidence any claim founded on contract, which he has against the plaintiff, although it has no connection with the claim on which the action is brought, and in case it exceeds the claim of the plaintiff, recover a judgment for the difference. This rule does not apply on a judgment being opened after having been regularly entered. The judgment does not, thereby, become subject to set-off generally. If the defendant has a valid claim against the plaintiff exceeding the amount of the judgment, he cannot recover a verdict for the excess. He may be permitted to attack the validity of the claim on which the judgment is founded; the good faith of the transaction connected with the consideration; subsequent payment of the debt or equitable discharge therefrom. In some manner, either at law or in equity, the subject-matter of defense must have attached to the judgment or the consideration on which it rests": Beaty v. Bordwell, 91 Pa. 441. The right of the defendant to attack the validity of the claim on which the judgment is founded was clearly recognized in Stroud's App., 109 Pa. 329. In Pollard & Brant v. Stein, 81 Pa. Superior Ct. 377, this court said, in an opinion by our Brother TREXLER: "When the subject-matter of defense is attached to the judgment or to the consideration on which it rests, the court under its equitable powers will entertain such a petition (to open the judgment) and if the facts warrant will open the judgment." The attack in this case is directly upon the validity of the claim on which the judgment is founded; it is an assertion that because of the failure

of the plaintiff to perform the covenants of the contract upon which the judgment is based the defendants had been damaged and the plaintiff is not entitled to recover. The warrant under which the judgment was entered did not authorize the confession of judgment for any definite amount, it only authorized a judgment in favor of the plaintiff "for any moneys which may be overdue under the terms of this contract." The allegation of the defendants is that under the covenants of the contract the plaintiff is not entitled to have any judgment.

The court below not having considered the testimony presented by the parties in support of their respective contentions, we have given that testimony careful consideration. That the plaintiff did not perform his covenant to deliver stone and stone grit in accordance with the provisions of the contract is clearly established by the testimony of the defendants, the letters of the plaintiff and his own testimony. The evidence bearing upon his assertion that the written contract should be reformed by giving weight to the alleged parol contract of the defendants to furnish him with workmen sufficient to deliver the quantity of stone specified, was wholly insufficient to warrant the reformation of the written contract. The covenant giving the defendants the right to purchase stone elsewhere, in case of plaintiff's failure to perform his covenants, did not relieve the plaintiff from liability to answer in damages for his failure to perform: Canavan v. Neeld & Foley, 189 Pa. 208. We are convinced that the judgment ought to have been opened.

The order of the court below discharging the rule to show cause why the judgment should not be opened is reversed, the rule is reinstated and is now made absolute. The record is remitted for further proceedings.