# Pacific Lumber Co. *v.* Rodd, Appellant.

*Judgments—Striking off judgment—Opening judgment—Use of warrant — Attempt to enter second judgment — Clerical error — Judgment as collateral security.*

1. The use of a warrant in a judgment note, to secure an entry of judgment, exhausts the power thereunder, in so far as to prevent the confession of a second judgment based on a different ground, or for a different amount, but the right to correct clerical errors is not thereby lost.

2. In the absence of some restriction in a judgment note upon the right to enter judgment until some specific default, there is no reason why the judgment given as security in a fixed sum may not be made a matter of record, although no money is then payable.

3. Under such circumstances, an allegation as to amount due at the time of filing, cannot be required.

4. A confessed judgment regular on its face will not be stricken off.

5. Where the defect in a confessed judgment is not apparent, application should be made to open and to let into a defense.

6. The opening of a judgment will not be ordered unless it appears that there is a meritorious defense, and reasonable ground for believing that the claim may be successfully contested before a jury.

7. Where a judgment note, payable one day after date, shows that it is given as collateral security for a past due debt of a stated sum, and the authority to confess the judgment is immediate, a judgment entered one day after date will not be stricken off, although there is a written agreement between the parties that the liability to pay should be contingent on future business.

8. In such case, the maker of the note cannot object to the entry of the judgment as collateral security for the debt due. His rights will be protected by control of the execution, if any wrong against him is attempted.

Argued October 6, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 97, March T., 1926, by defendant, from order of C. P. Allegheny Co., Jan. T., 1926, No. 1402, discharging rule to strike off judgment, in case of Pacific Lumber Co. of Illinois v. Thomas Rodd, Jr. Affirmed.

Rule to strike off judgment. Before SHAFER, P. J., and FORD, J.

The opinion of the Supreme Court states the facts.

Rule discharged in opinion by SHAFER, P. J., 74 Pitts. L. J. 310. Defendant appealed.

*Error assigned* was, inter alia, order, quoting record.

*Wm. S. Moorhead,* of *Moorhead & Knox,* with him *M. H. Ewing,* for appellant.—Payment of the note was made contingent on future business at the rate of $8 per thousand feet of lumber purchased. The warrant of attorney authorized confession of judgment for such amount as might appear to be unpaid on the note. There is no averment that any business has been transacted or that any amount appears to be unpaid or payable on the

note. Confession of judgment for the limit of defendant's contingent liability was, therefore, without warrant: Banning v. Taylor, 24 Pa. 289; Harwood v. Hildreth, 24 N. J. L. 52; Bergdoll v. Spalding Bros., 234 Pa. 588.

All doubts, obscurities, and ambiguities should be resolved against plaintiff: Advance Industrial Supply v. Copper Co., 267 Pa. 15.

*James R. Miller*, of *Patterson, Crawford, Miller & Arensberg*, for appellee.—The doing of future business is of no importance except as providing one way by which appellant could secure credits on the note. Appellant agreed to pay $21,917.55 with interest if note is not paid under agreement.

The declaration in debt alleging a promise to pay one day after date and that no part of that sum has been paid, justifies appellant's attorney in confessing judgment: Integrity Title Ins., etc., Co. v. Rau, 153 Pa. 488.

OPINION BY MR. JUSTICE SADLER, November 22, 1926:

Thomas Rodd, Jr., defendant, was president of a corporation bearing his name. The latter had extensive business dealings with the Pacific Lumber Company of Illinois, present plaintiff, and became indebted to it for expenses advanced on contract work to the amount of $21,917.55. In 1925, the parties entered into an arrangement to secure payment of the balance due, and for the Rodd Company to continue the sale of the plaintiff's product. This understanding was set forth in a letter dated September 25th, addressed to the former, and defendant signified his satisfaction with the terms proposed. It provided, among other things, that the charges owing to the lumber company should be cancelled, and in place thereof the personal note of the defendant given for its protection. The ultimate liability thereon was made "contingent upon future business," and it was agreed that, from payments made for lumber sold, $8

for each thousand feet disposed of should be applied to the satisfaction of the admitted claim.

The defendant executed and delivered his judgment note for the amount of the Rodd Company's debt, as stipulated, payable one day after date, and therein authorized any attorney to confess judgment "for such amount as may appear to be unpaid thereon," the obligation being given, as stated therein, "to secure the payment" of the overdue account.    On November 2d, judgment was entered, with the accompanying statement by counsel for the plaintiff, that the entire sum was "owed and unjustly detained," and, though frequently requested, defendant had not paid, "but hitherto altogether refused and still refuses to pay."    Under the authority granted by the warrant, an attorney-at-law, on behalf of Rodd, confessed judgment for the full amount.

A petition to strike off was filed later, because the contract of September 25th, above referred to, had not been attached, it being averred that the petitioner was not personally liable on the obligation signed by him, since the claim was to be liquidated by credits from new business transacted, and the court ordered the record amended by adding the agreement thereto.    A second petition was then presented, setting forth that the confession was broader than authorized by the warrant, the liability being dependent on future business, and that the contract providing for such was unlawful.    It was not claimed that there were any further transactions between the contracting parties, or any earnings applicable to the payment of the note.

The first allegation is based on the inclusion in the confession of a waiver of inquisition, condemnation and exemption, not appearing in the original note filed.    The additional phrase constituted part of a printed form used, and, as stated by the court below in disposing of the rule, was doubtless a clerical error against which the defendant could be amply protected, if an execution were issued.    Again, it was urged that, the warrant to confess

having been filed, there could be no amendment by adding the agreement of September 25th, as demanded in the first petition to strike off, since, in effect, this created a second judgment, not permissible, in view of the former exercise of authority. It is true that the use of a warrant to secure an entry exhausts the power thereunder in so far as to prevent the confession of a second judgment based on a different ground, or for a different amount, but the right to correct clerical errors is not thereby lost: Mars National Bank v. Hughes, 243 Pa. 223.

Appellant's real contention is that the judgment, with the contract attached, indicating the liability of defendant to be contingent only, shows no power to confess except for the amount at the moment due, and no proper allegation as to this appeared. If the warrant had authorized the entry of a judgment only "after default" in the performance of some fixed stipulation, then the ruling of Kolf v. Lieberman, 282 Pa. 479, relied on, would apply, and the prayer of the petitioner to strike off granted, but that is not the situation which confronts us. Here, the note, for a definite sum, payable one day after date, representing the overdue account of the Rodd Company, expressly states the purpose of the maker was to secure payment of this balance. The declaration filed shows no sum to have been paid thereon, asserting expressly a refusal to do so, and the confession admitted the amount represent a correct liquidation of the damages. The argument now made fails to give due weight to the fact that the obligation was merely collateral, to protect the lumber company in obtaining satisfaction of its claim. If any credits were properly applicable, the duty was on the maker to insist on them: Whitney v. Hopkins, 135 Pa. 246. Presumptively, the note represented a debt payable in the future (Volkenand v. Drum, 143 Pa. 525), and there was nothing on its face to show that it was to be used only at some later time. To hold the contrary would deprive the confession of any

value, a construction which would obviously conflict with what must have been the intention of the parties: Gillespie v. Webster, 180 Pa. 405; Richards v. Richards, 135 Pa. 239; Fulton v. Hood, 34 Pa. 365.

In the absence of some restriction upon the right to enter until after some specific default, there is no reason why the judgment given as security in a fixed sum may not be made a matter of record, though no money was then payable: Integrity Title Ins. Co. v. Rau, 153 Pa. 488; Shapiro v. Malarkey, 278 Pa. 78; O'Maley v. Pugliese, 272 Pa. 356; Chubb v. Kelly, 80 Pa. Superior Ct. 487. Under such circumstances, an allegation as to the amount due at the time of filing cannot be required: Kahn v. Harlan, 55 Pa. Superior Ct. 568; Kirch v. Crawford, 61 Pa. Superior Ct. 288. There was no agreement here not to enter, and the sole purpose of the confession must have been to permit a record to be made for plaintiff's protection. It will be noted no allegation appears in the petition filed that the debt has in any way been liquidated, and, admittedly, no business has been carried on between the parties which would result in any credit, as provided in the letter of September 25th.

The present application is to strike off the judgment, and the order asked for is properly directed when the entry is unauthorized (Banning v. Taylor, 24 Pa. 289), but not, however, if the confession is regular upon its face: Lincoln Bank v. Gem City Co., 286 Pa. 421; Saupp v. Streit, 258 Pa. 211. Where the defect averred is not apparent, then the application should be to open and let in to a defense (Ward v. Zeigler, 285 Pa. 557; Johnson v. Nippert, 286 Pa. 175; Hoffman v. Winston, 86 Pa. Superior Ct. 130), but this will not be ordered unless it appears there is a meritorious defense and reasonable ground for believing that the claim may be successfully contested before a jury: Ferguson v. O'Hara, 286 Pa. 37.

In the present case, the note is apparently regular, though the signer insists he assumed no personal liability, in view of the written agreement that credits

should be given from returns of future transactions. It is now claimed that none will be available, since the sales contract between the plaintiff and the Rodd Company is unenforceable, in that it tends to prevent competition, in violation of the federal statute, known as the Clayton Act. Whether the arrangement for selling lumber, entered into between the parties, is valid or not, does not come within the scope of the present inquiry. The sole question before us is the regularity of the judgment which has been entered, as correctly held by the learned court below: Germantown Brewing Co. v. Booth, 162 Pa. 100.

The recorded note provides for payment of a fixed sum one day after date, and the authority to confess the judgment is immediate. The defendant, having voluntarily signed the obligation as collateral security, cannot now object to its entry for the purpose intended, as shown by the words employed. Execution cannot issue until default, and then only for the amount due (Shapiro v. Malarkey, supra), but in the meantime the creditor has the right to his judgment as contracted for. The language used by this court in Integrity Insurance Co. v. Rau, supra, where a like question was under consideration, is applicable: "The enforcement of satisfaction, by execution or otherwise, is a matter to be governed by the rights and equities of the parties, and comes within the jurisdiction of the court. In the present case the creditor did nothing more than enter up his judgment on the bond, as part of the security agreed on. In so doing he was within his strict legal rights, and the court had no authority to interfere with his action." Under the circumstances here appearing, the judgment cannot be stricken off, and the defendant must look for protection of his interests to the court, if any wrongful use of the paper, which he intentionally executed, is attempted. It follows that the assignments of error should be overruled.

The order appealed from is affirmed.