## Bauman Iron Works v. Buono et al.

*V. J. Dalton* and *Elwyn Jones,* for plaintiff.

*L. E. Enterline* and *H. F. Kehler,* for defendants.

Houck, J., January 7, 1935.—On June 30, 1933, a writ of sci. fa. sur mechanic's lien was issued, returnable on the fifth Monday of July 1933, service of which was accepted by defendants' attorney on July 19, 1933. No affidavit of defense was filed, and on August 16, 1934, judgment was entered against Lewis D. Buono and Mary B. Buono, defendants, for want of an affidavit of defense. On August 31, 1934, these defendants took a rule on plaintiff to show cause why the judgment should not be stricken off and the sci. fa. quashed. It is alleged in the petition upon which the rule issued that after issuance of the writ it was orally agreed between Elwyn Jones, Esq., who at the time was of counsel for plaintiff, and H. Franklin Kehler, Esq., one of defendants' attorneys, that said H. Franklin Kehler should suit his convenience in answering said writ; that on August 6, 1934, L. E. Enterline, Esq., attorney for defend-

ants, wrote a letter to Vincent J. Dalton, Esq., attorney for plaintiff, directing his attention to the fact that the sci. fa. was issued without plaintiff having filed the affidavit required by the Act of May 22, 1933, P. L. 845, and suggesting an agreement that plaintiff file the affidavit and defendants prepare a new affidavit of defense; that said L. E. Enterline, Esq., at the time mistakenly believed that an affidavit of defense had been filed; that judgment was entered without any notice or reply to said L. E. Enterline, Esq., and that at the time of issuance of the writ no affidavit, as required by section 1 of the Act of 1933 was filed of record or served upon defendants as required by section 7 of said act. In short, defendants seek to have the judgment stricken off and the writ quashed on two grounds: (1) That judgment was entered in violation of an oral agreement between counsel; and (2) that the procedure provided by the Act of May 22, 1933, P. L. 845, was not followed. Plaintiff filed an answer denying that Elwyn Jones, Esq., agreed to an indefinite extension of time for the filing of an affidavit of defense, and averring that defendants waived their right to attack the writ by agreeing to file an affidavit of defense.

A judgment regular on its face may not be stricken off: Pacific Lumber Co. v. Rodd, 287 Pa. 454, 459. Consequently, the first reason laid in the petition is unavailing. In addition to this, Court Rule 44 renders the oral agreement between counsel of no validity. By the terms of the rule, all agreements of attorneys shall be in writing: otherwise, they shall be considered of no validity unless fully admitted in open court. The agreement relied on was not fully admitted. Depositions were taken, and they leave in doubt the agreement which was made. Mr. Kehler testified that he just asked Mr. Jones for an extension of time, which was granted. He does not recall whether he agreed to a reasonable length of time or whether it was to be indefinite. Mr. Jones testified that he merely agreed to refrain from taking a snap judgment and that as far as he remembers there was nothing specific as to how much extension of time for filing the affidavit was granted, nor does he remember that he said anything to Mr. Kehler about notifying him before taking judgment. The rule is a wise one, inasmuch as it makes it unnecessary for the court to consider agreements which are not reduced to writing and which depend upon the recollection of counsel.

The second ground alleged in the petition is also unavailing. It is true that the Act of 1933 requires plaintiff to file with the praecipe for the writ an affidavit setting forth the name of the parties, the amount claimed to be due, the name of the real owners, and a specific reference to the mechanic's lien upon which the writ is based; that a copy of such affidavit shall be served on each defendant with the writ; and that failure upon the part of plaintiff to file such affidavit shall be ground for quashing the writ. But this act does not apply to the present proceeding. This writ was issud on June 30, 1933. The Act of 1933 was approved on May 22d. No date is specified in the act itself as to when it shall take effect. Therefore, by the Act of May 17, 1929, P. L. 1808, the Act of 1933, although approved on May 22d, was in full force and effect only from and after September 1, 1933. The act was not in effect when the writ issued.

In view of the foregoing, the rule to strike off the judgment and to quash the writ must be discharged.

And now, January 7, 1935, the rule to show cause why the judgment should not be stricken off and the writ of sci. fa. quashed is discharged.

From M. M. Burke, Shenandoah, Pa.