## Joseph G. Keating Associates v. Pizzuti

*Hugh J. McMenamin,* for plaintiff.
*Needle, Needle & Needle,* for defendant.

EAGEN, J., January 14, 1952.—This is a petition to strike off a judgment entered by virtue of a written confession.

On November 15, 1950, defendant executed and delivered to plaintiff an instrument giving the latter the exclusive right to sell a property owned by defendant until March 1, 1951, for the sum of $21,000. The writing stipulated, inter alia, "if the property is sold during the term of your exclusive agency or is sold within one year after the termination of this agency to anyone with whom you have consulted or negotiated with respect to a sale. . . . I agree to pay your commission of five (5%) percent upon the price at which the same may be sold. . . . Pursuant to the terms of this agreement, I hereby confess judgment for the sum of One Thousand ($1,000.00) Dollars."

It is the contention of petitioning defendant that a judgment may legally be entered only for an amount appearing to be due by the terms of the obligation

and that where it is necessary to resort to evidence outside of the writing to ascertain this amount judgment may not legally be entered thereon. This is clearly the law enunciated in Meyers & Joly v. Freiling, 81 Pa. Superior Ct. 116, and Orner v. Hurwitch et al., 97 Pa. Superior Ct. 263. The question is are the facts herein within this rule. We think not.

Herein there is a clear cut confession of judgment for a specfic sum. The facts differ materially from those of Orner v. Harwitch et. al., supra, wherein the confession of judgment itself was for an amount to be fixed by and dependent upon the sale price. While the commission due herein depends upon the consummation of a sale of the property and also the amount received, nevertheless, the confession of judgment itself is immediate, unconditional and for a fixed, specific amount readily ascertainable from the instrument itself. The case is ruled, in our opinion, by Pacific Lumber Co. v. Rodd, 287 Pa. 454, wherein it was held:

"In the absence of some restriction upon the right to enter until after some specific default, there is no reason why the judgment given as security in a fixed sum may not be a matter of record, though no money was then payable."

We, therefore, conclude that the judgment is regular upon its face and should not be disturbed. If defendant has a meritorious defense to the claim involved, this may be raised by a petition to open judgment.

We have considered and discussed the reason argued in petitioner's brief to strike off, although we are unconvinced that as such it is well pleaded. The two reasons actually pleaded were not discussed in argument or in counsel's brief and are, therefore, considered abandoned and need not be discussed.

Now, therefore, January 14, 1952, the rule to show cause is discharged.