## Friel Bernheim Company v. King

*Walton Coates,* for plaintiff.

*Bernard E. Di Joseph,* for defendant.

CORSON, J., January 16, 1952.—This case arose on the filing by plaintiff of an averment of default under a conditional sales agreement and entered judgment upon the attached judgment note in the principal amount of $3,244. Plaintiff, in assessing damages, however, allowed a credit of $2,230, by reason of the fact that defendant refused to accept the chattels named in the conditional sales agreement. This left a balance of $1,014, to which was added a 10 percent collection fee in the amount of $101.40.

Defendant, after attachment execution had been issued on the judgment so entered, filed a motion to strike off and a petition to open such judgment. When the motion and petition came before the court for argument no depositions had been taken upon the petition to open judgment, and consideration of that petition and the rule granted thereon was continued to be argued after the filing of such depositions. The motion to strike off was argued and is now before the court for consideration.

Defendant's motion to strike off must, of course, be based upon something appearing on the record. If the judgment had been entered for the full amount it would seem that no question could be raised as to the regularity of the judgment as it appeared on the record. It is the contention of defendant, however, that since plaintiff allowed a credit of $2,230, because of the fact that defendant refused to accept the goods, the prothonotary could not enter such judgment under the Act of February 24, 1806, P. L. 334, 12 PS §739, which provides, inter alia:

"It shall be the duty of the prothonotary . . . on application . . . to enter judgment . . . for the amount which from the face of the instrument may appear to be due. . . ."

While it is true that judgment cannot be entered by a prothonotary where the amount due cannot be ascertained from the face of the instrument (Richards v. Richards, 135 Pa. 239), yet in this case if no credit had been given upon the averment of the default the prothonotary could have entered judgment for the full amount of the note.

In the case of Morel v. Morel, 81 Pa. Superior Ct. 84 (1923), defendant raised the question of whether or not the prothonotary could enter judgment for less than the full amount of the note. The court held that where a credit was endorsed on the note, the prothonotary could deduct such credit from the full amount of the note in entering judgment.

In the present case, if plaintiff had allowed the credit upon the note itself, certainly no question could be raised as to the entering of the judgment for the lesser amount. For practical purposes we see no difference when the judgment creditor gives credit in the averment of default. We feel that the judgment cannot be stricken off. It might be noted, however, that the credit allowed was not a credit allowed for payment by defendant, but was a credit allowed as the estimated value of the goods retained by the judgment creditor. In effect, such a credit merely enables the judgment creditor to fix the judgment as entered, as being the damages sustained by plaintiff for breach of the contract. This, of course, he cannot do and defendant would seem to be entitled to a jury trial to have the amount of damages for the alleged breach determined by a jury. This question, however, must be passed upon on petition to open judgment and cannot bring about the striking off of such judgment. Plaintiff has the right to allow such credit as he feels proper in the entry of a judgment, but if defendant feels that such credits are not proper defendant must raise such question upon a petition and rule to open the judgment.

And now, January 16, 1952, for the reasons given, defendant's motion to strike off judgment is refused.