# Rea, Appellant, v. Eagle Transfer Company.

*Landlord and tenant—Place of payment of rent—Forfeiture.*

Where no place is mentioned in a lease for payment of rent, it is incumbent on the landlord to show a demand on the land previous to a declaration of forfeiture. A habit between the parties for the tenant to seek the landlord and pay, will not relieve the latter from the necessity of formal and legal demand on the land, if he seeks to make nonpayment the basis of a forfeiture.

201      273
d 28 SC  307

201      273
35 SC   496

Argued Nov. 1, 1901. Appeal, No. 101, Oct. T., 1901, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1899, No. 506, on verdict for defendant in case of Henry Rea, Jr., v. The Eagle Transfer Company. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for a lot in the city of Pittsburg brought by Henry Rea, Jr., against the Eagle Transfer Company to enforce a forfeiture of a leasehold estate for nonpayment of rent. On July 1, 1899, the Consolidated Gas Company, owner of the fee, leased the premises in dispute to the Eagle Transfer Company for ten years, at an annual rent of $1,500, payable monthly, $125 the last day of each month. In July, 1900, the gas company conveyed the property to Henry Rea, Jr., subject to the leasehold rights of the Eagle Transfer Company. Upon August 7, 1900, Rea served the following letter upon the transfer company:

"PITTSBURG, PA., August 6, 1900.

" MESSRS. EAGLE TRANSFER CO.,

" Pittsburg, Penna.

" Gentlemen: You are hereby notified that the lease made by the Consolidated Gas Company, to you, dated July 1, 1899, for certain buildings and ground on Greenough street, in the city of Pittsburg, and by the said Consolidated Gas Company assigned to Henry Rea, Jr., on the 7th day of July, 1900, is hereby annulled.

" This said lease provided as follows: 'It is agreed, between the parties hereto, that should the aforesaid rent, or any part thereof, remain unpaid, after the same shall be due and payable, the said party of the first part may, at its option, then consider the said lessee as tenant at will, and may, after 10 days' notice in writing, left upon the premises, re-enter and re-possess itself of the said premises, using such, and so much force as is necessary to that end.'

" As by the terms of the said lease your rent of one hundred and twenty-five dollars was due and payable on the thirty-first of July, 1900, the same having remained unpaid, you are hereby declared to be a tenant at will and notified to surrender pos-

session of said premises on or before the 17th day of August, 1900, without further notice or writing,

"Yours truly,

"HENRY REA."

The rent for July, 1900, payable the 31st of that month, was paid August 8, 1900, and accepted by Rea, subject to his right of forfeiture, if any he had, arising from the failure to pay the same in accordance with the terms of the lease.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Homer L. Castle,* with him *William A. Stone, Stephen Stone* and *W. E. Lineaweaver,* for appellant.—While forfeitures are not favored in the law, none will dispute the right of the landlord to forfeit for nonpayment where apt words of forfeiture are embodied in the lease: Hand v. Suravitz, 148 Pa. 202; Lynch v. Versailles Fuel Gas Co., 165 Pa. 518.

Time was of the essence of the contract: Oliver v. Brophy, 18 W. N. C. 427 ; Cogley v. Brown, 11 W. N. C. 224.

*C. C. Dickey,* with him *George Shiras,* 3d, and *W. K. Shiras,* for appellee.—Rent is due and payable upon the land from which it issues, if no particular place is mentioned in the reservation : 2 Blackstone's Commentaries, * 43 ; McCormick v. Connell, 6 S. & R. 150 ; Stoever v. Whitman, 6 Binn. 416; Connor v. Bradley, 1 Howard, 211; Prout v. Roby, 15 Wall. 471.

OPINION BY MR. JUSTICE MITCHELL, January 6, 1902:

The opinion of the learned judge below and the argument here have taken a much wider range than the case calls for. Each party at the trial asked for binding instructions in his favor, and the judge accordingly directed a verdict for defendant. The correctness of this action is all that we need consider.

The action is ejectment to terminate a lease for nonpayment

of rent, and no place of payment being specially named it was incumbent on the plaintiff to show a demand on the land previous to the declaration of forfeiture. It is admitted that no such demand was made, and the plaintiff therefore failed in a part of his case essential to his right to recover. In McCormick v. Connell, 6 S. & R. 151, it was held, that, " where there is a condition of re-entry on nonpayment of rent several things are required by the common law to be previously done, to entitle the reversioner to re-entry. There must be a demand of the precise rent due, on the very day on which it becomes due, on the most notorious place on the land, and a demand must in fact be made on the land, although there should be no person on the land ready to pay it. . . . . This part of the common law has been adopted by us; is our own common law." I do not find that the law thus declared has ever before now been questioned so far as to require a citation by this court of that case in the eighty-one years since it was decided.

The plaintiff, however, relies on a course of dealing between the parties whereby the tenant was in the habit of bringing the rent to the lessor. This was not sufficient. It appears that the provisions of the lease had not been closely adhered to by the tenant and the preceding lessor, and plaintiff on acquiring the leased land had given the tenant notice that he would " hereafter insist strictly upon the terms of the lease." It also appeared that the real cause of plaintiff's dissatisfaction was not so much the want of punctual payment of the rent as other alleged breaches of the conditions of the lease. But as the case turns on the failure to demand the rent, these are not material.

While the law will enforce forfeitures within the strict terms of the contract between the parties, it will not go out of its straight path to aid them. Cases are numerous where rent has not been paid on the day but has been accepted later without objection, so that a tenant has been led to believe that the strict time will not be insisted on, and equity has relieved against an attempted forfeiture. But no case in law and certainly none in equity has held that a custom for the tenant to seek the landlord and pay will relieve the latter from the necessity of formal and legal demand if he seeks to make nonpayment the basis of a forfeiture.

Judgment affirmed.