## Drake, Appellant, *v.* Pennsylvania Coal Company.

*Mines and mining—Coal lease—Demand for royalties—Forfeiture—Ejectment—Notice.*

Unpaid royalties under a coal lease, where no place for their payment is fixed by the lease, must first be demanded on the premises before a forfeiture can be declared.

A coal lease stipulated that in case of forfeiture incurred, an amicable action of ejectment for the lands could be filed and judgment therein forthwith confessed to the plaintiffs by an attorney without a writ of error, appeal or stay of execution, provided that before entering such judgment at least thirty days' notice of the intention to enter it should be given to the lessee, "within which time the rent due and unpaid may be paid, and the forfeiture avoided." *Held,* that the thirty days' notice applied only to a judgment confessed, and not to an ordinary ejectment begun by summons.

Argued Feb. 26, 1907.  Appeal, No. 276, Jan. T., 1906, by plaintiff, from order of C. P. Lackawanna Co., Jan. T., 1904, No. 30, dismissing exceptions to report of referee in case of George K. Drake v. The Pennsylvania Coal Company.  Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Exceptions to report of W. W. Lathrope, Esq.; referee.

NEWCOMB, J., filed the following opinion :

The plaintiff joined with his cotenants in a lease of certain coal lands to E. A. Coray.  The defendant afterwards succeeded to Coray's rights and this action of ejectment was brought by the plaintiff to enforce a forfeiture as to his undivided purpart of the demised premises.  The referee found upon sufficient evidence that a cause of forfeiture had occurred, but on the undisputed facts held there could be no recovery, and, therefore, directed judgment for the defendant.

This conclusion was based on three reasons, either of which if sound is fatal to the plaintiff's case.  They are as follows :

1. No notice was given to defendant of plaintiff's election to declare the lease forfeited.

2. That even though that notice had been given, plaintiff was

bound to give defendant at least thirty days' notice of his intention to sue, and for want of such notice the action could not be maintained.

3. That the unpaid royalties which give rise to the claim of forfeiture must first be demanded on the premises before a forfeiture can be declared, and for want of such demand the action fails.

Upon the first and third propositions we think the learned referee was right, and that is decisive in favor of the judgment rendered. We can add nothing profitably to what is said by him in support of those conclusions.

While it makes no difference to the disposition of the case, we do not agree with him that thirty days' notice of his intention to sue must be given by the plaintiff. This conclusion of the referee rests upon his construction of a certain clause in the lease which provided a special and summary remedy at plaintiff's option for recovery of possession in case of forfeiture. The remedy so provided was not exclusive nor was it so considered by the learned referee. It was merely additional to any other remedy which the plaintiff might have. It was stipulated in the lease that in case of forfeiture incurred, an amicable action of ejectment for the lands could be filed and judgment therein forthwith confessed to the plaintiffs by any attorney without a writ of error, appeal or stay of execution, provided that before entering such judgment at least thirty days' notice of the intention to enter it should be given to the lessee, " within which time the rent due and unpaid may be paid, and the forfeiture avoided."

Giving special weight to this last clause of the stipulation for judgment, the referee says that unless the plaintiff is held to the same notice of intention to bring ejectment the object of this notice is defeated. This, he says, is to give an opportunity to pay the rent and avoid the forfeiture. " It seems to me," says the referee, " that the spirit of the agreement requires this notice to be given before any adverse legal proceeding is commenced."

To this it might be answered that the parties didn't say so. We are not called upon to resort to the supposed spirit of the agreement to determine its meaning so long as the terms in which the parties expressed themselves are neither obscure nor

ambiguous.  The opportunity to pay the rent here provided for was to prevent a judgment which once entered would be final and subject to no review except for fraud.  An adverse action of ejectment is, and doubtless in the contemplation of the parties was, quite a different thing.  The whole ground of controversy, if any there were, would in that case be open to contest.  The defendant would have its day in court.  If the summary remedy were chosen the plaintiff himself would dispose of the controversy by a stroke of the pen.  It was to prevent such summary and irretrievable dispossession as this that the notice relied upon by the referee was provided.

To accomplish the object which the referee had in mind it was unnecessary to give the lease his construction.  For by the preceding stipulation which prescribed the terms on which a forfeiture could be declared a corresponding notice had to be given to the lessee, his agent or superintendent, or posted on the premises.  This was a notice that an installment of rent was due.  Thirty days had to elapse after giving this notice before any right to forfeit would accrue.  By its terms, then, if the rent were paid in the meantime after such notice the right to assert a forfeiture would be effectually defeated; or, more accurately, the right would never come into existence.  The referee found that this notice was given.  The notice on which the learned referee relied concerns only the right to enter judgment under the power of attorney.

The defendant filed some exceptions, but under the view which we take of the case it is unnecessary to pass upon them.

Exceptions overruled.

*Error assigned* was in dismissing exceptions to referee's report.

*Samuel B. Price*, for appellant.

*Everett Warren*, of *Willard, Warren & Knapp*, for appellee.

PER CURIAM, April 1, 1907:

The order overruling the exceptions and confirming the report of the referee is affirmed for the reasons stated in the opinion of the learned judge of the common pleas.