# Johnson *v.* Royal Insurance Company of Liverpool, Appellant.

*Judgment—Opening judgment—Judgment by default—Discretion of court.*

On an application to open a judgment entered for want of a plea, where it appears that the same issue had already been tried in several previous suits, and the defendant puts in evidence a record of such suits, and very little additional evidence, the court does not abuse its discretion in refusing to open the judgment.

Argued Oct. 28, 1907. Appeal, No. 305, Jan. T., 1907, by defendant, from order of C. P. Fayette Co., Dec. T., 1906,

No. 325, discharging rule to open judgment in case of Daniel J. Johnson and Charles H. Gorley v. Royal Insurance Company of Liverpool. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Rule to open judgment.   Before UMBEL, J.
The opinion of the Supreme Court states the case.

*Error assigned* was the order of the court.

*W. K. Jennings,* with him *Dale C. Jennings* and *Jones & Henderson,* for appellant.

*W. J. Sturgis,* of *Howell, Sturgis & Morrow,* for appellee.

PER CURIAM, November 11, 1907:

The judgment appearing to be entirely regular according to the rules of court in Fayette county, the application to open it was addressed solely to the equitable discretion of the court.

The only contest in the case was upon a question of fact, the amount of damages to the plaintiff by the fire. This same issue had already been tried in several previous suits on other policies covering the same risk. The evidence in those cases was conflicting, but in regard to it the learned judge said : " If the verdicts of the jury had been for the full amount of the policies instead of only about ninety-three per cent, under the evidence we would have hesitated to disturb them. For taking into consideration the experience of the men who testified on both sides, their opportunities for acquainting themselves with the facts regarding which they testified, the times—with reference to the date of the fire—at which they made their examinations, the condition of the building at these several times and the manner and character of the examinations, convince us that the weight of the credible testimony was with the contention of the plaintiffs, and it was ample to have justified us in sustaining a verdict of 100 cents on the dollar if such had been returned by the jury." On the hearing of this rule the appellants put in evidence the record of the previous suits and very little additional evidence on the amount of the loss. The learned judge having before him the

verdicts in those suits and being satisfied with them, naturally refused to open this judgment to reach what would in all probability be the same result.

Order affirmed.