## Bergdoll to use, Appellant *v.* A. G. Spalding & Brothers, Incorporated.

*Landlord and tenant—Payment of rent—Place of payment.*

Where a written lease does not provide a place at which the rent is payable it is the duty of the landlord before he can take advantage of a forfeiture clause, to make a demand for the rent upon the demised premises, and this is so even though there had grown up between the parties a practice by which the tenant had paid the rent to the landlord elsewhere.

Argued Jan. 4, 1912. Appeal, No. 185, Jan. T., 1911, by plaintiff from order of C. P. No. 3, Phila. Co., March T., 1911, No. 4329, making absolute rule to strike off judgment in case of Louis J. Bergdoll to use v. A. G. Spalding and Bros., Incorporated. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Rules to open and strike off judgments.

FERGUSON, J., filed the following opinion:

There are two rules in this case, one to open judgment and one to strike off judgment. We are of the opinion the rule to strike off the judgment should be made absolute. We can do this only when the record shows a defect that invalidates the judgment, and such a defect appears in this case. The judgment was entered by amicable action provided for under the terms of a written lease. The lease itself provides no place at which the rent is payable and the forfeiture clause gives to the landlord the right to file the amicable action and confess judgment in ejectment if the rent be at any time in arrear and unpaid. The specific breach averred in the action is the failure to pay the rent due from the first day of April, 1911, until the twenty-first day of that month, to the plaintiff at premises 4910 Wynnefield Avenue. The lease provides for the payment of the rent

monthly on the fifteenth day of the month and certain
letters which passed between the parties are attached to
the amicable action to show a change in the terms of the
lease.  Upon inspection of these letters it would appear
that the tenant was requested upon a change of owner-
ship to pay the rent to the plaintiff at 4910 Wynnefield
Avenue, Philadelphia, that the defendant, upon receipt
of such request, wrote a letter to the plaintiff enclosing
the check for the rent then due and expressing a willing-
ness to pay the rent thereafter on the first of the month
instead of the fifteenth, to which the plaintiff replied
that such an agreement would be acceptable.

When the written lease does not provide a place at
which the rent is payable it is the duty of the landlord,
before he can take advantage of a forfeiture clause, to
make a demand for the rent upon the demised premises
and this is so even though there had grown up between
the parties a practice in which the tenant sought the
landlord paid the rent to him elsewhere: Rea v. Eagle
Transfer Co., 201 Pa. 273.  There was no allegation or
averment in the amicable action in this case of any de-
mand upon the land for the payment of the rent before
the forfeiture was invoked.  It is argued, however, that
because of the letters which passed between the parties
that a place was fixed for the payment of the rent.
These letters are not a part of the lease and as we read
them they appear to be nothing more than a mere ex-
pression of willingness on the part of the tenant to pay
the rent at a certain time and place, and on the part
of the landlord to receive it.  They do not constitute a
contract, nor can they be said to be binding upon either
party.

The evidence appearing in the depositions appears to
us ample to justify the court in opening the judgment,
but do not think it necessary to leave the matter open
for further determination when the record itself shows
no right to a judgment.

The rule to strike off the judgment is therefore made absolute.

*Error assigned* was the order of the court.

*David J. Myers,* with him *Arno P. Mowitz,* for appellant.—No demand was necessary.  Singer v. Sheriff, 28 Pa. Super. Ct. 305; Lynch v. Versailles Fuel Gas Co., 165 Pa. 518; Hand v. Suravitz, 148 Pa. 202; Wilgus v. Whitehead, 89 Pa. 131; McNish v. Reynolds, 95 Pa. 483; Carrier v. Dilworth, 59 Pa. 406; Williams v. Irwin, 99 Pa. 37.

*John G. Johnson,* with him *James Wilson Bayard,* for appellee.—No place for payment of rent having been specified in the lease, demand for payment upon the land was a prerequisite to the action.  McCormick v. Connell, 6 S. & R. 151; Rea v. Transfer Co., 201 Pa. 273; Homet v. Singer, 35 Pa. Super. Ct. 491; Hughs v. Lillibridge, 8 Pa. D. R. 358.

If the time and place for payment of rent were validly changed by the letters of January, 1911, as no forfeiture was provided for in the event of the nonpayment at the changed time and place, the landlord is not entitled to enforce any forfeiture.  Rea v. Transfer Co., 201 Pa. 273.

Where compensation can be fully made equity will in general relieve against a forfeiture. Lynch v. Versailles Fuel Gas Co., 165 Pa. 518; Steiner v. Marks, 172 Pa. 400; Cogley v. Browne, 15 Phila. 162; Times Co. v. Siebrecht, 15 Phila. 235; Merrill v. Trimmer, 2 Pa. C. C. R. 49.

PER CURIAM, February 5, 1912:
The order of the Court of Common Pleas is affirmed on the opinion of Judge FERGUSON.