## Kirch *v.* Crawford, Appellant.

*Landlord and tenant—Confession of judgment—Affidavit of default—Striking off judgment.*

Where a lease provides that in case of default in the payment of any installment of rent the entire balance of the rent for the term shall become due, and authorizes a confession of judgment in case of default, judgment may be entered without any affidavit of default.

Argued April 14, 1915.  Appeal, No. 110, April T., 1915, by defendants, from order of C. P. Allegheny Co.; April T., 1913, D. S. B., discharging rule to strike off judgment in case of Charles J. Kirch v. John L. Crawford and Eleanor Marlatt.  Before RICE, P. J., ORLADY, HEAD, HENDERSON and TREXLER, JJ.  Affirmed.

Rule to strike off judgment.

The statement of claim was as follows :

"Debt, ........................$200.00
Attorney's commission, .........  10.00
                                 _____
     Total, .....................$210.00

"The plaintiff's claim in this case is founded on a judg-

ment bill, bond, or note, duly signed, sealed and delivered by the defendant to the plaintiff.

"John L. Crawford and Eleanor Marlatt, late of said county, were summoned to answer Charles J. Kirch of a plea that they render unto said plaintiff the sum of two hundred and ten dollars, lawful money of the United States, which to him they owe and unjustly detain, etc. And whereupon the said plaintiff by Robert M. Ewing and William S. Maxey, his attorney, complains for that whereas the said defendant heretofore, to wit: on the 23d day of March in the year of our Lord one thousand nine hundred and twelve, at Pittsburgh, to wit: in the county aforesaid; by her certain written bond (a true copy of which is attached hereto), under their hands and seals, had promised to pay the said plaintiff the aforesaid sum of five hundred and twenty dollars with costs and attorney's commission, in monthly installments, after the date thereof, which period has now elapsed. Nevertheless the said defendant, although often required, the aforesaid sum of money, or any part thereof to the said plaintiff yet have not paid, but hitherto altogether refuse, and still· refuse to pay the amount hereinafter stated. Whereupon the said plaintiff is damaged to the value of three hundred dollars, and therefore brings suit, etc. And bring here into court a true copy of the bond aforesaid, which the debt aforesaid,.in form aforesaid, doth testify, the date whereof is the day and year aforesaid.

ROBERT M. EWING,<br>
WILLIAM S. MAXEY,<br>
*Attorneys for Plaintiff.*"

The confession of judgment was as follows:

*State of Pennsylvania,* ⎫<br>
*County of Allegheny,* ⎭ *ss:*

"By virtue of the annexed power and affidavit of at-

torney I do hereby appear for the said defendants, John L. Crawford and Eleanor Marlatt and confess judgment against them and in favor of the said plaintiff, Charles J. Kirch, for the sum of two hundred and ten ($210) 00-100 dollars, liquidated as follows: Amount of bond, balance due, two hundred dollars ($200.00); Interest from February 10, 1913; Attorney's commission (5 per cent.), ten dollars ($10.00); total, two hundred and ten dollars ($210.00).   With costs of suit, release of all errors, and without stay of execution and inquisition and extension upon any levy on real estate is hereby waived, and condemnation agreed to; and the exemption of any property from levy and sale on any execution hereon, is also hereby expressly waived and no benefit of exemption to be claimed under and by virtue of any exemption law now in force, or which may be hereafter passed.

HERMAN F. RUOFF,<br>
<em>Attorney for Defendant."</em>

February 10, 1913.

The affidavit as to copy was as follows:

*State of Pennsylvania,* ⎱<br>
*County of Allegheny,* ⎰ *ss:*

Personally appeared before me, the undersigned authority, Robert M. Ewing, who, being duly sworn according to law, saith that the annexed copy of judgment bill, or note, with warrant of attorney, is a true and correct copy of the judgment bill, or note, with warrant of attorney, upon which judgment is confessed herein.

ROBERT M. EWING,

Subscribed and sworn to before me this 10th day of February, A. D. 1913.

WM. B. KIRKER,<br>
<em>Prothonotary.</em>

[SEAL]

The affidavit of default was as follows:

*State of Pennsylvania.*  
*County of Allegheny,*   } *ss: ·*

Before me, the undersigned authority, personally came John P. Kirch, who, being duly sworn according to law, deposes and says that he is familiar with the facts hereinafter set forth and is authorized to make this affidavit; that upon the lease hereto attached between Charles J. Kirch, lessor, and John L. Crawford, and Mrs. Eleanor Marlatt, the total rental from April 1, 1912, to May 1, 1913, a period of thirteen months, at $40.00 a month, amounts to $520.00, as called for in said lease, and that there has been paid on account thereof the sum of $320.00, and that the said John L. Crawford and Mrs. Eleanor Marlatt removed from said premises without just or legal cause and have failed and neglected to pay any rental since December 1, 1912; and that under the terms of said lease the entire balance due has become due and payable, to wit, the sum of $200.00.

JOHN P. KIRCH.

Sworn and subscribed to before me this 8th day of February, 1913.     ROBERT M. EWING,  
*Notary Public.*

*Error assigned* was order discharging rule to strike off judgment.

*George H. Quaill,* for appellants.—In view of the case of Kahn v. Harlan, 55 Pa. Superior Ct. 568, so recently decided by this court, and referred to by the court below, and by which said court felt itself bound, we would feel it to be presumption on our part to urge a reversal in this case, were it not that we believe the principles of prior cases in this and in the Supreme Court were entirely overlooked in that case as none of them were referred to in the argument of counsel or in the opinion of this court, and the principles enunciated in Kahn v.

Harlan, are at such variance with the cases we have already referred to. Besides, in Kahn v. Harlan, the entire time for which the goods were leased had expired, whereas the present judgment was entered during the continuance of the term.

*John N. English,* with him *W. S. Maxey,* for appellee.

OPINION BY HENDERSON, J., October 11, 1915:

This is an appeal from the refusal of the court to strike off a judgment entered on a warrant of attorney contained in a lease. This warrant authorized the confession of judgment in case of violation of any of the covenants and agreements made by the lessee. The lease provided for the payment of rent monthly in advance and contained an agreement that in case default be made at any time in the payment of any installment of rent the entire balance of the rent for the term should become due and payable. The statement filed with the confession of judgment shows a default in payment of the rent due January 1 and February 1, 1913, and the judgment was entered because of this default. The principal objection made to the judgment is that the affidavit of default is not made by Charles J. Kirch, but by John P. Kirch, a stranger to the contract, and Rule 13 of the Court of Common Pleas is appealed to in support of the objection. This rule provides that "all affidavits required by these rules may be made by the party or in proper cases by his agent." If this rule were applicable to the case in hand it is not clear that its requirements have not been met, for the affidavit states that the deponent is familiar with the facts set forth and is authorized to make this affidavit. But our attention has not been called to any act of assembly or rule of court which makes necessary an affidavit of default under such circumstances. The affidavit filed is a part of the statement of claim and sets forth a default, but the defendant executed the warrant of attorney authorizing a confession

of judgment when default was made in the payment of
rent as provided for in the lease. There is no suggestion
that this default did not exist nor denial that the rent
was due. All that was necessary under the circum-
stances, therefore, appeared in the record. The judg-
ment was confessed by an attorney-at-law in compliance
with the authority of the appellant and on a state of
fact brought about by himself. There is nothing, there-
fore, on the face of the record to justify the court in
striking off the judgment. It was held in a similar case,
Kahn v. Harlan, 55 Pa. Superior Ct. 568, that an affi-
davit of default was not necessary to enable a landlord to
collect arrears of rent by means of a judgment entered
on a warrant of attorney contained in the lease. The
soundness of this conclusion is questioned by the learned
counsel for the appellant, but we are not persuaded that
it does not rest on a substantial foundation. The lease
set forth the time and place for the payment of the rent.
The amount due as evidenced by the confession of judg-
ment is not in dispute, and the whole defense to the
judgment is of a strictly technical character. The land-
lord is not seeking to forfeit the lease by an amicable
action of ejectment or by a reentry for default, and the
cases cited by the appellant do not affect the question.
In Rea v. Eagle Transfer Company, 201 Pa. 273, and
Bergdoll, to use, v. Spalding, 234 Pa. 588, the judgments
were in ejectment by which means the plaintiffs sought
to work a forfeiture of the lease and to recover the prem-
ises. Drake v. Penna. Coal Co., 217 Pa. 446, was also
an action of ejectment for forfeiture and the case turned
partly on the terms of the lease. Homet v. Singer, 35
Pa. Superior Ct. 491, was of like character. To enable a
lessor to enforce a forfeiture his right to do so must be
distinctly reserved. Evidence of the happening of the
event on which it may be exercised must be clear. The
right must be promptly enforced. The result of the for-
feiture must not be unconscionable: Thompson v. Chris-
tie, 138 Pa. 230. This equitable rule has no application

in a proceeding to collect arrears of rent on a lease. Such a proceeding is in affirmance of the contract and has the effect merely to enforce compliance with the agreement.

The decree is affirmed at the cost of the appellant.