## Woodring v. Alpha Delta Sigma House Association et al.

*John G. Love* and *Frederick W. Culbertson*, for plaintiff.

*N. B. Spangler* and *Ivan Walker*, for defendants.

FLEMING, P. J., August 7, 1930.—On April 27, 1927, the plaintiff entered a judgment in ejectment against the defendants for premises situate in the Borough of State College, Centre County, Pennsylvania, as described in a certain lease, dated May 31, 1916, wherein plaintiff is lessor, and the defendants, with the exception of the Alpha Delta Sigma House Association, are lessees. On the same day, a further judgment was entered by the plaintiff and against the same defendants in the sum of $3000, being alleged rental due under said lease from August 1, 1925, to April 1, 1927, at $150 per month, with interest from April 1, 1927, and an attorney's commission of 5 per cent., or $150, and containing waivers of exemption.

On the same date, to wit, April 27, 1927, a writ of *habere facias possessionem* was issued, which was subsequently returned by the sheriff on May 23,

1927, as unexecuted by order of plaintiff's attorneys. A fieri facias was likewise issued on April 27, 1927, and an alias fieri facias on May 27, 1927. On July 18, 1927, defendants presented petitions to open judgment and to strike judgment from the record, whereupon rules in the usual form were granted and proceedings stayed. Answers to these rules were filed by plaintiff on August 16, 1927. On May 12, 1929, upon petition of defendant, a further rule was granted upon plaintiff to show cause why defendants' petition to strike judgment from the record should not be amended. To this rule no answer was filed, and a decree permitting such amendment was made July 5, 1929. On August 2, 1930, the plaintiff moved to amend the statement and confession and all subsequent pleadings by inserting the word "successor" wherever the word "assignee" appears, upon which motion a rule on defendants was granted, returnable August 16, 1930. An answer to this rule was filed August 5, 1930. We have before us for disposition, therefore, the following matters, to wit:

(1) The right of plaintiff to amend the statement and confession and subsequent pleadings as requested; (2) the matter of striking the judgment from the record; (3) the matter of opening the judgment and permitting defendants to defend.

This matter originates from differences arising from two sources, which are co-related; viz., an agreement of lease for a ten-year term, dated May 31, 1916, and an option to purchase, dated June 10, 1922. The terms of the lease provided that defendants, other than the Alpha Delta Sigma House Association, which was not then existent, as lessees, should pay to the plaintiff, as lessor, the sum of $1500 per year, in monthly instalments of $125 per month, together with all water and light rentals. This cash sum was increased, by oral agreement, on July 1, 1922, to $1800 per year, or $150 per month. On June 10, 1922, an option was granted by the plaintiff to the lessees above mentioned to purchase the demised premises for $25,000 and $100 was paid down. The option was to be exercised on or before September 1, 1925. At the time of the making of the lease the Alpha Delta Sigma House Association was not existent and the remaining defendants were a group of individuals, unincorporated, and styling themselves the Alpha Delta Sigma Fraternity of the Pennsylvania State College.

The Alpha Delta Sigma House Association was incorporated in this court on October 2, 1922, to No. 259, September Term, 1922. Subsequent to such date the corporation succeeded to all the rights of the lessees under the lease and to the option to purchase, and proceeded to pay the rental of $150 per month up to August 1, 1925. The testimony clearly shows that, prior to August 1, 1925, *bona fide* efforts were made on the part of the Alpha Delta Sigma House Association to close the option and to pay the plaintiff the remaining sum of $24,900, in cash, upon the clearing of the title, or to give him a greater sum in the event that plaintiff would take a mortgage and the association's gold notes for a portion of such consideration. This testimony shows an honest and persistent effort to effectuate this purpose on the part of the association, and an evasive and dilatory demeanor on the part of the plaintiff, resulting in the deposit, by the association, in the Bellefonte Trust Company, Bellefonte, Pennsylvania, of the sum of $24,900, and notice to plaintiff that it had been so deposited for his use upon the delivery of a valid deed, free of liens and encumbrances. This is a brief resumé of the matters leading up to the present controversy now before the court.

The plaintiff now seeks to amend by inserting the word "successor" in place of "assignee" wherever the same may appear. We fail to comprehend any

material purpose to be served by such proposed amendment. A successor is one who succeeds to, or stands in, the exact status of his predecessor as a matter of course, whereas an assignee, in the accepted sense of the word, is one who stands in the exact status of his predecessor, not as a matter of course, but by virtue of some act performed, either expressly or impliedly, by such predecessor. The term "assignee by operation of law" has sometimes been used, but such is plainly synonymous with the term "successor." Likely, the intent of plaintiff's motion is to have the record appear to show the Alpha Delta Sigma House Association, the corporation, standing, on the face of such record, in the exact status of the individual defendants, as a matter of course, and not as having received its rights by any act, express or implied, of such individuals, and thus materially to affect the determination of the motion to strike off the judgments by moulding the face of the record accordingly. We do not think, however, that the Alpha Delta Sigma House Association, the corporation, stands in the status of the individual defendants by succession, as distinguished above. Mr. Chief Justice Marshall, in the celebrated Dartmouth College case (Dartmouth College v. Woodward, 4 Wheat. 518, 636), defines a corporation as "an artificial being, invisible, intangible, and existing only in contemplation of law." A corporation is for most purposes an entity distinct from its individual members or stockholders who, as natural persons, are merged into its corporate identity: 7 R. C. L. 25, § 3. The individual defendants who became incorporators of the Alpha Delta Sigma House Association were, for the purposes of the determination of the questions here involved, entirely distinct from the corporation. Their natural characteristics were merged into the corporation. The corporation itself received its powers by the charter, and its connection with the lease and option herein originated, not by succession, but by its original dealing with the former lessees, individual defendants herein, and with the former lessor, the plaintiff herein. The amendment, if allowed, would, therefore, introduce a new cause of action and will be denied. This is not material in the final determination of the issues, as we shall show below.

This brings us to a consideration of the petition to strike the judgment from the record. To do so we must find irregularity or error upon the record. We may open, but cannot strike off judgment regularly entered: North & Co. v. Yorke, 174 Pa. 349; Johnson v. Royal Ins. Co., 218 Pa. 423, 219 Pa. 182; Flaccus Leather Co. v. Heasley, 50 Pa. Superior Ct. 127; Speise v. Shee, 250 Pa. 399; Hamborsky v. Magyar Presbyterian Church (No. 1), 78 Pa. Superior Ct. 519.

An examination of the lease of May 31, 1916, a copy whereof is attached to the statement and confession filed, shows the term thereof to be for a period of ten years from September 1, 1916. No provision is made therein for a renewal in the event of a holding over after September 1, 1926. No such renewal, either oral or written, is averred in the statement and confession. Such instrument avers the payment of rentals by the Alpha Delta Sigma House Association after its incorporation and the default by defendants after August 1, 1925, but recites no demand made prior to the entry of this judgment. It is to be further noted that in this proceeding there was a judgment in ejectment entered upon which a writ of *habere facias possessionem* was issued which contained, not, as provided in the warrant of attorney in the lease, a "clause of fieri facias for the costs and rent due," but a clause of fieri facias for costs alone, a separate judgment being entered for rent due and fieri facias issued thereon. It is to be further noted that the statement and confession were filed on April 27, 1927.

We are of the opinion that several irregularities appear upon the face of this record which avoid the judgments entered and require them to be stricken off.

At the time of the entry of judgment, to wit, April 27, 1927, the term of the lease had expired, almost eight months having passed since the date of such expiration. It has been held that when a lessee for years holds over after the expiration of his term, he is a tenant from year to year, subject to all the covenants and stipulations contained in the original lease, so far as they are compatible with a yearly holding, but that a warrant of attorney contained in the lease limited to the former years is not applicable to the new situation unless made so by express agreement: Hughs, to use, v. Lillibridge, 8 Dist. R. 358. There is no averment of a renewal of the original lease and the wording of the warrant of attorney under which judgment herein was entered, as recited in the statement and confession, is repugnant to the theory that an express agreement had been entered into reviving and continuing the same.

The lease does not specifically provide where payment of the rental shall be made. Where there is no place named in the lease for the payment of rent, the landlord is bound to be upon the premises, by himself or his agent, on the day or days when the rent falls due, ready to receive the same, and if he allows these days to pass, then, before he can declare a forfeiture, he must demand the rent of the defendant in person: Hughs, to use, v. Lillibridge, *supra*. Where no place is mentioned in a lease for payment of rent, it is incumbent on the landlord to show a demand on the land previous to a declaration of forfeiture. A habit between the parties for the tenant to seek the landlord and pay will not relieve the latter from the necessity of formal and legal demand on the land if he seeks to make nonpayment the basis of forfeiture: Rea v. Eagle Transfer Co., 201 Pa. 273. See, also, Shapiro et al. v. Malarkey, 278 Pa. 78; Bergdoll, to use, v. Spalding & Bros., Inc., 234 Pa. 588; Drake v. Pennsylvania Coal Co., 217 Pa. 446; Homet v. Singer, 35 Pa. Superior Ct. 491; Kirch v. Crawford, 61 Pa. Superior Ct. 288. In the instant case, no demand having been shown upon the record, forfeiture is not the basis of the judgments herein and the same are void.

It appears from the lease that the Alpha Delta Sigma House Association did not sign the same. In fact, such corporation was not then in existence. It has been held in Stewart v. Lawson, 181 Pa. 549, that where a lease contains a provision for entering an amicable action of ejectment with a power of attorney to confess judgment in favor of the lessor and against the lessee or any subtenant, in the event of nonpayment of rent, as the same falls due, and where the lease is signed by the lessee alone, a judgment in ejectment against the lessee and a person in possession of the leased premises will not stand as against the party in possession, other than the lessee, even though such person in possession is subject to the terms of the lease. Also, in McFadden v. Gohrs et al., 93 Pa. Superior Ct. 134, it is held that a judgment in an amicable action of ejectment, entered by confession under a warrant of attorney contained in a lease, against the original lessee and a corporation to which the lease was assigned, will be stricken off as to the latter, where it appears that the warrant was never signed by the corporation, although the lease, by its terms, extended to the "assigns" of the parties.

The entry of the judgment for $3000 for rent due, separate and apart from the judgment in ejectment, was wholly without authority, the warrant of attorney providing only for the entry of a judgment in ejectment and the collection of rent due by a clause in fieri facias added to the writ of *habere facias possessionem*, which was not done in this case.

Such manifest irregularities appearing on the face of the record as have been herein noted and discussed, we have no hesitancy in striking the judgment or judgments entered to the above number and term from the record.

And now, August 7, 1930, the prayer of defendants' petition is granted and the above judgment or judgments are directed to be stricken from the record, at the cost of the plaintiff.

From S. D. Gettig, Bellefonte, Pa.