## Gorchov v. Moran

*Louis W. Schlisman,* for plaintiff.

*Henry Arronson* and *Simon Pearl,* for defendant.

SMITH, P. J., May 27, 1932. — The plaintiff entered judgment against the defendant by virtue of the provision contained in a certain agreement of lease dated November 19, 1929. A reference to the agreement shows that the plaintiff as lessor demised unto the defendant as lessee an apartment or suite of two rooms and a bath on the second floor of an apartment house at the southwest corner of Fortieth Street and Baltimore Avenue, in the City of Philadelphia, for the term of one year from December 1, 1929, at a monthly rental of $55, payable on the first day of each month in advance.

A second covenant in the agreement of lease reads as follows: "The said lessee also agrees to pay the rent punctually on the day it falls due and payable, at the office of the said lessor, or at such other place as the lessor may in writing direct, without demand being made therefor, and in case of nonpayment of said rent when due, or in case the demised premises shall be deserted or vacated, the said lessee agrees that the said lessor may enter the same either by force or otherwise without being liable to any prosecution or action therefor, especially under the Act of March 31, 1860, and may distrain for rent and also relet the said premises as agents of lessee for any unexpired portion of the term and receive the rent therefor."

The plaintiff on February 4, 1932, caused an amicable action in ejectment to be entered and obtained a judgment against the defendant, and thereafter

attached a bank account standing in the name of the defendant and summoned the bank as garnishee.

Thereupon the defendant filed his petition for a rule to strike off the judgment and to dissolve the attachment, complaining that there was no demand for rent upon the premises, a condition precedent to declaring a forfeiture, and several authorities are cited in support of the proposition that if no place is named in the lease for the payment of rent, the landlord must be upon the premises personally, or by his agent, ready to receive the rent on the day when it falls due, and if he fail to do so, he must demand the rent of the lessee in person before he can declare a forfeiture: Rea v. Eagle Transfer Co., 201 Pa. 273; Bergdoll, to use, v. A. G. Spalding & Bros., Inc., 234 Pa. 588; Shapiro et al. v. Malarkey, 278 Pa. 78; Drake v. Pennsylvania Coal Co., 217 Pa. 446; Homet v. Singer, 35 Pa. Superior Ct. 491; Kirch v. Crawford, 61 Pa. Superior Ct. 288. However, in the instant case, the lease provides that the rent shall be paid at the office of the lessor, and we believe that the "place" is sufficiently well designated to distinguish it from the cases above cited. Therefore, so far as this particular objection to the procedure is concerned, we do not believe it is well taken.

Plaintiff in his statement whereby he entered the amicable action in ejectment avers that: "And whereas, the defendant on or about the 18th day of January, 1932, during and before the expiration of the said additional term of the said lease, removed and vacated said premises without having first paid and satisfied lessor for the rent which had become due and was in arrears and unpaid. . . . And whereas, the lessor has exercised his option to absolutely determine his lease."

The declaration does not state on what day or at what time the lessor had chosen to exercise this option in determining the lease, and in the absence of dates we assume that said election was exercised at or about the time of the removal of the lessee from the premises. It appears, therefore, from the pleadings, that the defendant was out of possession with the consent and knowledge of the plaintiff; and that being the case, the plaintiff would not be in a position to demand rent from the time that he elected to take over the premises he had leased to the defendant. Neither would the plaintiff be in position to bring an amicable action in ejectment for premises of which he had already elected to take possession, for ejectment is defined to be an action to recover immediate possession of real property or an action to try the right of possession of land in controversy; a possessory action: 19 C. J. 1028, Sec. 1. Besides, the plaintiff had a good and sufficient remedy at the time he declared the lease forfeited, by the provisions contained in the third clause of the lease, which is: "If at any time during and before the expiration of the term of this lease the lessee shall remove or attempt to remove or vacate said apartment, then the whole of the rent for said term then remaining unpaid shall, at the option of the lessor, be and become payable forthwith, and the lessor shall have full power and authority to demand, recover and collect any balance of rent for said term then remaining unpaid at the rate aforesaid by distraint or any process of law, as rent of said apartment then due and payable, anything hereinbefore contained to the contrary notwithstanding."

We are not unmindful of the fact that where an agreement such as this lease gives the landlord more than one remedy, he has the right to elect such remedy as he chooses in order to collect his rent. But in the instant case it is self-evident that an action of ejectment would not lie against one who was not in either physical possession or constructive possession, and at the time this action was instituted the lessee here was not in physical or constructive possession, neither did he have the right of possession, for the plaintiff declared the lease forfeited by reason of the removal of the lessee from the premises. Therefore, so far as the

amicable action in ejectment is concerned, it was irregular and void, and that leaves as the only question whether or not a judgment that was entered by virtue of entering an amicable action in ejectment by the attorney for plaintiff is void. This judgment was entered by virtue of the covenants contained in the eighth clause of the lease, which reads, in part, as follows: "If the said rent shall at any time be in arrear and unpaid, or if the said lessee shall violate any of the covenants or conditions herein contained on his part to be performed and kept, then this lease shall absolutely determine at the option of the lessor, who may forthwith file this lease, or a copy thereof, in the office of the prothonotary, . . . together with an affidavit of a person having knowledge of any such breach or violation, and to enter into said court an amicable action in ejectment for the premises above demised, . . . . and any attorney is hereby authorized and empowered to sign said amicable action in ejectment for the said lessee, . . . . and also to appear for and confess judgment therein against the said party defendant for the recovery of possession of the aforesaid premises, and also for all arrearages of rent, if any, . . . and the cost, including an attorney fee of ten per cent., to be assessed as part of said costs. It shall be lawful for said prothonotary, . . . and he is hereby requested by the said lessee, . . . to enter said amicable action in ejectment as above provided, and also to enter said judgment in said action for the plaintiff by confession against the defendant, without stay of execution, for the recovery of possession of the said demised premises, according to law, as in case of ejectment, with judgment for all arrearages of rent, if any, . . . and the costs as aforesaid; upon which judgment a writ of possession or habere facias possessionem shall issue in said action for said premises, with a clause of fieri facias for such arrearages of rent, if any, . . . and the costs as aforesaid as in cases of ejectment, all of which proceedings shall be without right to the party defendant to have an appeal, certiorari, exception, motion or rule to open judgment, or set aside execution. . . ."

The plaintiff, in pursuance of this covenant of the lease, assessed the damages as follows:

"Rentals in Arrears

| "July | $10.00 | Total arrearages... | $95.00 |
|---|---|---|---|
| September | 5.00 | Rental due February | |
| October | 55.00 | 1st | 55.00 |
| November | 5.00 | | |
| December | 10.00 | | $150.00 |
| January | 10.00 | Attorney's fee, 10%. | 15.00 |
| | $95.00 | Total | $165.00" |

Under no circumstances, in view of the fact that plaintiff exercised his right to take possession of the property, would he be entitled to the rental for the month of February. It would neither be just nor conscionable to dispossess a tenant and continue to collect rent from him.

As to the remainder of the judgment, if the record would justify the court in sustaining the rent that was due and unpaid at the time the property was retaken by the landlord, we would make an order reducing the amount of that judgment to correspond with what was apparently actually due on the rent. But the difficulty is that the basis of this judgment is an amicable action in ejectment, and when the amicable action falls the whole proceeding falls, and there is no order which the court could make that would protect the landlord for the amount of rent to which he may be justly entitled.

We have examined with care the cases of Stevenson et al. v. Dersam, 275 Pa. 412, and Purvis v. Dempsey, 238 Pa. 173, both of which were cited by counsel

for plaintiff; but they are readily distinguishable from the case at bar, for the reason that the judgments in each of the cited cases were based on proper proceedings, and in the instant case the plaintiff had no authority to enter judgment on an amicable action in ejectment, since the defendant was not in possession of the property at the time plaintiff elected to take over the property.

We do not deem it necessary to enlarge further in this opinion, since we are convinced that at the time the amicable action was entered plaintiff declared a forfeiture of the lease, and he, and not the tenant, was in possession, and, therefore, the proceeding was void and cannot be sustained.

And now, May 27, 1932, the rule to strike off judgment and to dissolve the attachment is made absolute.