## New York, Susquehanna & Western Railroad Company v. Traders Flour & Feed Company

*Eilenberger & Huffman*, for plaintiff; *Shull & Shull*, for defendant.

THOMAS, P. J., fifty-sixth judicial district, specially presiding, April 7, 1934.—The New York, Susquehanna & Western Railroad Company, plaintiff above named, hereinafter called the lessor, and the Traders Flour & Feed Company, defendant above named, hereinafter called the lessee, entered into a lease dated November 8, 1920, for certain unimproved premises situate in the Borough of Stroudsburg, Monroe County, for the term of 1 year from August 1, 1920, to be thereafter terminated or canceled by the lessor at any time by giving 30 days' previous notice in writing to said lessee, with a provision that in case of nonpayment of rent by the lessee the lessor might terminate the lease by giving

3 days' similar notice to said lessee, it being agreed that if the lease should continue for the full term specified then to continue on the same terms and conditions until terminated by either party on 30 days' previous notice in writing of such termination. The yearly rent was to be $250 payable in equal semi-annual payments in advance. The lessee took possession under the terms of the lease.

An amicable action of ejectment was entered by the lessor, as provided in the lease, and possession of the premises delivered to the lessor.

On petition of the lessee, a rule was granted to show cause why the judgment in ejectment should not be opened and the lessee let into a defense. An answer was filed by the lessor, and the determination of this rule is now before the court.

The following are the essential facts:

1. The lessee erected a building on the unimproved premises at its sole cost and expense, and installed therein an electric motor attached to the building by bolts and also a septic tank attached by plumbing fixtures.

2. The rental for the 6-month period beginning August 1, 1929, under the terms of the lease was paid to and accepted by the lessor on September 14, 1929; the rental for the 6 months period beginning February 1, 1930, under the terms of said lease was paid to and accepted by the lessor on March 8, 1930; the 6 months' rental for the period beginning August 1, 1930, was paid to and accepted by the lessor on February 17, 1931; the installment due February 1, 1931, was paid to and accepted by the lessor on November 3, 1931; the 6 months' installment of rent due August 1, 1931, was paid to and accepted by the lessor on January 30, 1932; the 6 months' installment of rental due February 1, 1932, was paid to and accepted by the lessor on December 31, 1932; the installment of rent due for the 6 months period beginning August 1, 1932, was paid to and accepted by the lessor on April 29, 1933.

3. The lessor from time to time dunned the lessee for the rent due, but at no time did the lessor give notice that upon nonpayment of rent he intended to enforce the strict terms of the lease, until May 4, 1933. On that date, the lessee received the following notice:

"GRR-MK-129                            "April 28, 1933   R-7659
U. S. Registered Mail
Traders Flour and Feed Company
28 North Main Street
Bangor, Pa.
Gentlemen:—

"PLEASE TAKE NOTICE THAT lease between New York, Susquehanna & Western Railroad Company and you, dated November 18, 1920, and covering premises therein more fully described and situate in the Borough of Stroudsburg, Monroe County, Pa., leased as a site for a feed mill, will be canceled and terminated upon the expiration of 3 days from the date of service of this notice upon you, and you are hereby required to vacate said premises and surrender full and uninterrupted possession of the same to the undersigned.

"This notice is given you pursuant to a provision in said lease, permitting the lessor to cancel same upon 3 days' notice for nonpayment of rent.

NEW YORK, SUSQUEHANNA & WESTERN RAILROAD CO.,
By A. B. J.,
General Land and Tax Agent."

4. The lessee at that time was one installment in arrears, to wit, $125, but payment was tendered on May 6, 1933, but refused because notice of cancellation had been given.

5. The lessor declared a forfeiture of the building on June 8, 1933, when the

sheriff served a writ of habere facias possessionem and refused to allow the lessee to remove the same, and at the same time declared a forfeiture of the electric motor and the septic tank, and possession of the same were delivered to the lessor.

6. On said date, June 8, 1933, the lessee paid the sheriff $125 for rent and $15 costs, covering rent from February 1, 1933, to August 1, 1933, which was due on February 1, 1933, being a payment in advance.

7. The person in the lease to whom the rent is payable is the general land and tax agent of said lessor, its successors or assigns, at New York City. This person is A. B. Johnson, whose office now is the Midland Building, Cleveland, Ohio, but he still holds an office at New York City, 50 Church Street. No demand of rent was made on the leased premises previous to the cancellation.

The questions involved are:

1. Under the facts, had plaintiff lessor the right to declare a forfeiture of the leasehold?

2. Had the plaintiff lessor the right to declare a forfeiture of the building and equipment placed on the said land at the sole expense of the defendant lessee?

This judgment having been entered in an amicable action of ejectment upon the warrant of attorney under the forfeiture clause in the lease for the nonpayment of rent, it is pertinent to inquire as to the clauses upon which the lessor acted.

The clauses in question, appearing in the lease, are as follows:

". . . in case of nonpayment of rent . . . by said lessee, said lessor may terminate and cancel this lease by giving not less than 3 days' notice . . . to said lessee."

"It is further . . . agreed upon the termination . . . in case all rents have been paid . . . the buildings . . . may be removed from said premises by said lessee, but if not so removed . . . the lessor may convert the same to its own use."

The lessee contends that there was a course of conduct which arose between the parties during the depression years, under which lessee habitually paid the rent after the same was due. This course of conduct amounted to a waiver of the right of forfeiture, unless the lessor, in order to change this course of conduct, would enforce the strict terms of the lease in the event of such payments not being made at the said periods.

With this contention the court agrees: Vasilko v. Bongiorno et al., 1 D. & C 592; Crisman v. O'Brien, 17 Dist. R. 443.

In this case, it appears to the court unconscionable, under the clauses cited in the lease and under the facts in this case, the rent having been paid to August 1, 1933, that the lessor should possess the building, the electric motor, and the septic tank, without giving the lessee an opportunity to remove the same, and the rights of the lessee being injured by declaring a forfeiture, the courts are not slow to seize on a reasonable opportunity to prevent the forfeiture: Artzerounian et al. v. Demetriades, 276 Pa. 303; Homet v. Singer, 35 Pa. Superior Ct. 491.

Even admitting that the lessor had the right to cancel the lease, by such determination, in case the rents were paid for a period in advance after the date of cancellation, the right to remove the building under the terms of the lease remained in the lessee at least until August 1, 1933, construing the lease most favorably to the lessee.

The lessee further contends that no demand was made on the premises on the exact date for the exact amount of rental from the lessee, there being no place

sufficiently designated in the lease for the payment of rental: McCormick v. Connell, 6 S. & R. 151; Rea v. Eagle Transfer Co., 201 Pa. 273.

With this contention the court disagrees. The lessee knew the location of the office of the lessor, there was an assistant to Mr. Johnson in the office to receive the rent, and on May 6, 1933, the rent was tendered by the lessee to the party in charge of the lessor's office at New York, but the rent was refused as the quit notice to leave had been served. The lease provided a place for the payment of the rent, and under the facts in this case no demand on the premises was necessary: Gorchov v. Moran, 17 D. & C. 248.

It further appears that the lessor's complaint as to the forfeiture was not only as to the prompt payment of rental, but from a traffic standpoint the lessee was unsatisfactory, and the lessor had secured a more profitable tenant.

For the lessor to take the building for another proposed more profitable tenant on June 8, 1933, the rent having been paid to August 1, 1933, is such an injury to the lessee as equity and good conscience will not permit. The rule to open judgment and permit the defendant lessee to defend should be made absolute.

### Order

Now, to wit, April 7, 1934, rule absolute, and counsel are directed to frame an issue to be submitted to a jury to determine two questions:

1. Had the lessor the right to declare a forfeiture of the leasehold?

2. Had the lessor the right to declare a forfeiture of the buildings and equipment placed on said lands at the sole expense of the defendant lessee?

From C. C. Shull, Stroudsburg, Pa.