478

## Kiefer v. Schoffstall et al.

*Arthur C. Dale, David L. Baird* and *William Hollis,*
for plaintiff.

*A. H. Lipez,* for defendant.

HIPPLE, P. J., November 25, 1949.—On February 8, 1949, plaintiff, by his attorneys, filed with the prothonotary a statement and confession in the following form:

"To Fred Tyson, Esq., Prothonotary of said Court:

"Enter Judgment in the above stated case upon the default clause contained in the lease hereto attached marked exhibit A and made part of this proceedings, by virtue of the warrant of Attorney contained in said lease contract and assess the plaintiff's damages sec.

reg. as the same are liquidated in this statement and confession of Judgment: and likewise assess the costs and attorney's commission as the same appear liquidated herein.

"And the plaintiff avers that on the 10th day of July, A. D. 1947, he entered into a lease contract with the defendant's, Clarence J. Schoffstall, Clarence F. Schoffstall and James J. Burns, a copy of which is hereto attached and made part of these pleadings.

"And the plaintiff avers that the defendants have defaulted in the payment of royalties to him in the amount of sixteen hundred seventy-four dollars and eighty-six cents ($1674.86), which amount is past due and is owing and payable to him, the plaintiff, in which said amount the said defendants have been in default since October, 1948.

"And the plaintiff avers that the defendants owe him royalty under the provisions of the lease hereto attached as follows:

"Amount of royalty due under the terms
    of the lease contract................$1674.86
"Collection fee 15% ..................  251.23

                            $1926.09

      "ARTHUR C. DALE
          Arthur C. Dale, Att. for Plf.
      "DAVID L. BAIRD
          David L. Baird, Per A. C. D.
      "WILLIAM HOLLIS
          William Hollis"

No affidavit setting forth the nature of the default or the manner in which the royalties or rent alleged to be due was liquidated, executed either by plaintiff or by any one of his counsel was attached to or made part of the statement and confession.

The lease, dated July 10, 1947, attached to this paper as exhibit A and made part thereof, was executed

between Robert F. Kiefer, whose address is given as Clearfield County, as the first party, and the three defendants, doing business as the S. B. & S. Coal Company of Pottsville, Schuylkill County, as the second party.

The default clause in this lease is as follows:

"In the event of default of the payment of royalties by the parties of the second part or upon failure of the parties of the second part to keep all the covenants of this lease, then the said parties of the second part, hereby authorize any practicing attorney of any Court of Record in Pennsylvania to appear in Court and confess a judgment in an amicable action of ejectment for the premises above described and authorize the immediate issuance of a writ of Habere Facias Possessionem with clause of Fieri Facias for costs and rent due, and attorney's commission of 15% without asking leave of Court."

On February 8, 1949, the prothonotary assessed plaintiff's damages in the following manner upon the second page of the statement and confession:

"I assess the plaintiff's damages as follows:

"Amount of Royalty due Plaintiff . . . . . . $1674.86
"Collection fee 15% . . . . . . . . . . . . . . . .   251.23
                                                    _____
                                                      $1926.09
                            "FRED S. TYSON,
                                    "Prothonotary."

On February 8, 1949, the prothonotary entered the following judgment:

"Judgment in favor of the Plaintiff and against the Defendant for the sum of $1926.09, by virtue of a warrant contained in a single bill dated July 10, 1947, payable —————, with interest, costs of suit, release of error, waiving stay of execution, inquisition and exemption laws as per lease filed."

On February 18, 1949, the attorneys for plaintiff filed with the prothonotary the following præcipe:

"To Fred S. Tyson, Prothonotary:

"Issue Writ of Scire Facias returnable the fourth Monday of April (April 25th) 1949."

This was signed by plaintiff's attorneys.

Upon this præcipe the prothonotary issued not a writ of scire facias as directed therein but a writ of fieri facias, returnable the fourth Monday of April 1949 in pursuance of which various items of personal property of defendants were levied upon.

On March 3, 1949, defendants filed a petition to strike off the judgment and set aside the execution for the following reasons:

1. That the judgment as confessed was for a money judgment rather than for a judgment in ejectment as provided for in the lease;

2. That the statement and confession fails to set forth in detail how the alleged amounts due were arrived at, and how the royalties alleged to be due were computed;

3. That the judgment confession clause provides for a judgment in ejectment only in the event of a default and since the alleged default was in the payment of royalties and since the lease does not fix a place at which the rental or royalties were to be paid, plaintiff has failed to show that there has in fact been a default, inasmuch as he is required to show and allege a demand of the precise rent due on the very day on which it becomes due on the most notorious place on the land;

4. That the præcipe provided for a writ of scire facias, where a writ of fieri facias was issued and hence there was no authorization for the issuance of a writ of fieri facias and the consequent levy thereon; and

5. In any event, there was no authority for the issuance of a writ of fieri facias, for by the terms of the

lease only a writ of habere facias possessionem with a clause of fieri facias could be issued.

Plaintiff filed an answer to this petition admitting that the judgment was entered in the manner above set forth, but averring that this entry did not conform with the terms of the præcipe directed to the prothonotary nor to the terms of the lease agreement made part of the statement and confession, that plaintiff is entitled under the terms of the statement and confession to a judgment in an amicable action of ejectment with the issuance of a writ of habere facias possessionem, with clause of fieri facias for costs and rent due, that the prothonotary did assess the damages as liquidated in the præcipe and entered the liquidated amount as a judgment, that the judgment was entered on a præcipe and not on a statement of confession, and should have been entered, upon the direction of the præcipe, in ejectment, that the prothonotary did issue a writ of fieri facias, although not specifically asked for, but that this writ was authorized by defendants in the default clause, and generally denying that the proceedings are void and averring that he is entitled to a judgment as provided in the default clause of the lease nunc pro tunc.

Plaintiff also filed a petition to amend the judgment so as to have the judgment one in ejectment for the undivided interest in the land described in the lease contract.

Although the paper filed upon which the judgment was entered is defined in the body thereof, as a "Statement and Confession of Judgment", and is endorsed as a "Statement and Confession", plaintiff in his answer refers to it both as a "Præcipe" and a "Statement and Confession".

The judgment as entered was not authorized. There is no provision in the lease contract for the entry of a

judgment with "release of error, waiving stay of execution, inquisition and exemption laws".

There is no address of plaintiff given in the lease contract, nor any provision for the place of payment of royalties. The only address of plaintiff in the lease contract is "Clearfield County, Pennsylvania", and there is no provision that the royalty or rent should be paid to plaintiff at any specific place. Additional royalties were to be paid to one, Herbert Martin, whose street address is given at Williamsport, Pa., and one, Balser Weber, of Howard, Center County, Pa.

The address of plaintiff as "Clearfield County, Pennsylvania", is too indefinite and does not specifically set forth the place where rental is to be paid. Clearfield County contains 1,144 square miles, having a population of over 92,000 people and with over 50 post offices.

The statement and confession does not aver that a demand for the alleged overdue rentals or royalties was made upon the demised premises by plaintiff before the declaration of forfeiture. In our opinion, it was the duty of plaintiff, in the absence of a specific place for the payment of royalties, to go upon the demised premises not later than the fifteenth day of every month to demand payment for any coal mined and removed from the premises during the preceding month.

It is well established that where no place of payment is specifically named in a lease, it is incumbent upon plaintiff to demand the rental upon the lands demised and if he desires to take advantage of his right to forfeit the lease he must make demand for the rent upon the demised premises, as a condition precedent to the declaration of the forfeiture: Rea v. Eagle Transfer Co., 201 Pa. 273; Bergdoll v. A. G. Spalding & Brothers, Inc., 234 Pa. 588; Homet v. Singer, 35 Pa. Superior Ct. 491.

The habit between the parties, for the tenant to seek the landlord and pay, will not relieve the latter from the necessity of formal and legal demand on the land if he seeks to make nonpayment the basis of forfeiture: Woodring v. Alpha Delta Sigma House Association et al., 15 D. & C. 477-480, and cases there cited.

Plaintiff, however, avers that there is a difference between royalties and rent, but the Supreme Court in Drake v. Pennsylvania Coal Co., 217 Pa. 446, held that unpaid royalties under a coal lease, where no place for their payment is fixed by the lease, must first be demanded on the premises before a forfeiture can be declared. To the same effect is Homet v. Singer, supra, at page 496. In that case, which involved a lease to quarry stone and which provided that as a rental or royalty the lessee should pay $5 per carload, the Superior Court stated that in the absence of evidence that demand for the rent or royalty had been made on the premises, and since the lease made no provision where the rent should be paid, plaintiff was not entitled to a judgment in ejectment.

The prothonotary had no authority to issue a writ of fieri facias based upon a præcipe for a writ of scire facias and all proceedings under the writ of fieri facias are therefore irregular and void.

Under the default clause in the lease agreement, the only judgment which could be entered in event of default, was a judgment in ejectment authorizing the immediate issuance of a writ of habere facias possessionem, with a clause of fieri facias for rent due and costs, together with an attorney's commission. The proceedings are entirely irregular from the outset. The proper practice would be to file a statement and confession accompanied by an affidavit of plaintiff or someone in his behalf, averring the facts necessary to show a default, that the rent had been demanded upon the premises and payment thereof refused, the man-

ner in which the sum alleged to be due was liquidated, since there is no amount of rental or royalties stated upon the face of the lease agreement from which the prothonotary could accurately judge what was actually due, and for plaintiff's attorneys to appear for defendants and confess a judgment against them.

Nothing of this kind was done and whether the paper filed is regarded as a præcipe to the prothonotary to enter judgment or as a statement and confession, as it is alleged to be in the body thereof, the judgment was improperly entered because there was no averment of any default under the lease contract, or that any demand was made upon the premises for the payment of the alleged royalties or rental due.

The rule to show cause why the judgment should not be amended must be discharged. While it is true that judgments are within the control of the court and that clerical or like mistakes or errors may be corrected, it would be of no avail to permit plaintiff to have an entirely new judgment entered in ejectment instead of the money judgment entered, because any such judgment would be open to the same objections, viz., that the lease does not provide a place for payment of royalties or rents and there is no averment in the statement and confession of a demand for the royalties or rent upon the premises.

### Order

Now, November 25, 1949, the rule to show cause why the above judgment should not be stricken from the records, and the writ of fieri facias issued thereon be set aside is made absolute, the judgment is stricken from the records and the writ of fieri facias and all proceedings thereunder are set aside.

Now, November 25, 1949, the rule to show cause why the above judgment should not be amended, nunc pro tunc, in conformity with the default clause in the lease contract, is discharged.